GRAHAMHOLLIS APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Laura M. Supanich (SBN 314805)
lsupanich@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: (619) 692-0800
Facsimile: (619) 692-0822

Attorneys for Plaintiffs MARTA L CERON DE OROZCO and
EMMA BARCENAS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA L. CERON DE OROZCO and EMMA BARCENAS, individually and on behalf of all similarly situated employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSHIP FACILITY SERVICES, INC.; and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 3:18-CV-02397-JLS-JLB<br><br>ASSIGNED FOR ALL PURPOSES TO: HON. JANICE L. SAMMARTINO<br><br>[IMAGED FILE]<br><br>Unlimited Civil - Amount Demanded Exceeds $25,000.00<br><br>**SECOND AMENDED COMPLAINT**<br><br>**CLASS ACTION** [Cal. Code Civ. Proc. § 382];<br>**REPRESENTATIVE ACTION FOR PAGA PENALTIES** [Labor Code §§ 2698, *et seq.*]; and **COLLECTIVE ACTION** [29 U.S.C. § 216(b)] **COMPLAINT**<br><br>1. Failure to Provide Meal Periods:<br>2. Failure to Provide Rest Periods;<br>3. Failure to Pay Minimum and Regular Wages;<br>4. Failure to Pay All Overtime Wages;<br>5. Failure to Pay Accrued Vacation Wages;<br>6. Failure to Indemnify Necessary Business Expenses;<br>7. Failure to Provide Accurate Itemized Wage Statements;<br>8. Failure to Timely Pay All Wages Due Upon |

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1

8. Failure to Timely Pay All Wages Due Upon Separation of Employment;
9. Failure to Produce Employment Records;
10. Violation of Business & Professions Code §17200, *et seq.*;
11. Violation of the Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq.*
12. Violation of the Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 207, 211(c), 216(b))

**-JURY TRIAL DEMANDED-**

MARTA L CERON DE OROZCO and EMMA BARCENAS, individually and on behalf of all other similarly situated and/or aggrieved employees of FLAGSHIP FACILITY SERVICES, INC., and DOES 1 through 50, inclusive, alleges as follows:

**I.    INTRODUCTION**

1.    Plaintiffs MARTA L CERON DE OROZCO ("Ceron") and EMMA BARCENAS ("Barcenas") (collectively referred to as "Plaintiffs") bring this individual and putative class action against Defendant FLAGSHIP FACILITY SERVICES, INC., and DOES 1 through 50, inclusive, (collectively "Defendants") for engaging in a pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders; on information and belief, IWC Wage Order No. 5.

2.    Plaintiffs bring this action on behalf of all current and former non-exempt janitorial employees who were employed by Defendants in the State of California, and all exempt and non-exempt employees, who were eligible to receive vacation time and whose employment with Defendants ended, during the applicable relevant time period (hereinafter "similarly situated employees").

3.    Plaintiff Ceron also brings this representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698, *et seq.* ("PAGA") against Defendant, and DOES 1 through 50, inclusive, for engaging in a pattern of wage and hour violations under the California Labor Code and the applicable IWC Wage Order. Plaintiff Ceron brings this action on behalf of all other current and former employees of Defendants in the State of California who have suffered at least one of the Labor Code violations described herein during the applicable relevant time period. (hereinafter "aggrieved employees").

4. Plaintiffs bring this action as a Collective Action pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*, for violations of 29 U.S.C. §§ 207 and 211(c), and seeks unpaid compensation for all hours worked, liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

5. Plaintiffs are informed and believe, and on that basis allege, that Defendants decreased its employment-related costs by systematically violating California wage and hour laws and engaging in unlawful and unfair business practices.

6. Defendants' systematic pattern of Labor Code and IWC Wage Order violations toward Plaintiff and other similarly situated and/or aggrieved employees in California include, but are not limited to:

    a. Failure to provide a first off-duty meal period of at least 30-minutes before the commencement of the sixth hour and a second off-duty meal period of at least 30-minutes before the commencement of the eleventh hour;

    b. Failure to authorize and permit off-duty paid rest periods;

    c. Failure to pay all minimum and regular wages for all hours worked;

    d. Failure to pay all overtime wages;

    e. Failure to pay accrued vacation wages;

    f. Failure to indemnify employees for necessary business expenses;

    g. Failure to maintain accurate records;

    h. Failure to provide accurate itemized wage statements;

    i. Failure to produce employment records; and

    j. Failure to timely pay all wages due upon separation of employment.

7. Plaintiffs bring this lawsuit against Defendants seeking restitution, declaratory judgment, injunctive relief, and monetary relief on behalf of themselves and all other similarly situated and/or aggrieved employees of Defendants in California. Plaintiffs seek to recover, *inter alia*, unpaid wages, unreimbursed expenses, interest, attorney's fees, damages, liquidated damages, penalties, and costs pursuant to Labor Code §§201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7, 227.3, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 2802, the Private Attorney

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

3

General Act, California Labor Code section 2698, *et seq.*, California Business and Professions Code § 17200, *et seq.*, and the provisions of the applicable IWC Wage Order. Further, Plaintiffs bring this lawsuit seeking restitution and monetary relief against Defendants on behalf of themselves individually and on behalf of all similarly situated and/or aggrieved employees to recover unpaid wages, penalties, liquidated damages, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

8.    Plaintiffs reserve the right to name additional representatives.

## II.    PARTIES

**A.    Plaintiffs**

9.    Plaintiff Ceron is a former non-exempt employee of Defendants, who, at all relevant times, was employed as a janitor and worked for Defendants in San Diego County.

10.    Plaintiff Ceron is a resident of the State of California and currently resides in San Diego County.

11.    Plaintiff Ceron is an "aggrieved employee" within the meaning of Labor Code section 2699(c) because she was employed by Defendants and suffered one or more of the Labor Code violations committed by Defendants.

12.    Plaintiff Barcenas is a former non-exempt employee of Defendants, who, at all relevant times, was employed as a janitor and worked for Defendants in San Diego County.

13.    Plaintiff Barcenas is a resident of the State of California and currently resides in San Diego County.

14.    At all relevant times, Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees of Defendants in California were subject to the same policies, practices, and procedures governing their employment and their payment of wages and hours worked.

**B.    Defendants**

15.    Defendant FLAGSHIP FACILITY SERVICES, INC. is organized under the laws of the State of California. It provides commercial janitorial and facility maintenance services throughout California. Defendant FLAGSHIP FACILITY SERVICES, INC. is doing business in the State of California, including the County of San Diego.

16.    Defendants' wrongful conduct, as alleged herein, occurred in the County of San Diego and

4

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

in other counties in the State of California.

17.    Plaintiffs are informed and believe, and thereon allege, that each Defendant is, and at all relevant times was, authorized to do business and did business in the State of California, and was Plaintiffs' and other similarly situated and/or aggrieved employees' "employer" as defined in and subject to the California Labor Code and Industrial Welfare Commission Wage Orders.

18.    Plaintiffs are also informed and believe, and thereon allege, that Defendants were Plaintiffs' employer as defined in, and subject to, the FLSA.

19.    Each of the fictitiously named Defendants participated in the acts alleged in this Complaint. The true names and capacities of the Defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiffs.  Plaintiffs will amend this Complaint, setting forth the true names and capacities of the fictitious Defendants, if and when their true names and capacities are ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each of the fictitious Defendants participated in the acts alleged in this Complaint.

20.    Plaintiffs and all other similarly situated and/or aggrieved employees are, and at all relevant times were, employees of each Defendant, including DOES 1 through 50, within the meanings set forth in the California Labor Code and applicable Industrial Welfare Commission Wage Order.

21.    Plaintiffs are informed and believe that at all relevant times, each Defendant, whether named or fictitious, was the agent, employee or other person acting on behalf of every other Defendant, and, in participating in the acts alleged in this Complaint, acted within the scope of such agency or employment and ratified the acts of each other Defendant.

22.    Plaintiffs are informed and believe that at all relevant times, each Defendant, whether named or fictitious, exercised control over Plaintiff's and other similarly situated and/or aggrieved employees' wages, hours and/or working conditions.

23.    Plaintiffs are further informed and believe that at all relevant times, each Defendant, whether named or fictitious, acted as the agent for the other Defendants, carried out a joint scheme, business plan or policy, and the acts of each Defendant are legally attributable to the other Defendants.

24.    Each Defendant, whether named or fictitious, was the alter ego of each of the other Defendants at all relevant times herein.

5

25.    A unity of interest and ownership between each Defendant, whether named or fictitious, exists such that all Defendants acted as a single employer of Plaintiffs and all other similarly situated and/or aggrieved employees.

26.    Defendants, including DOES 1 through 50, were Plaintiffs' employers or persons acting on behalf of Plaintiffs' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

27.    Defendants, including DOES 1 through 50, were Plaintiffs' employers or persons acting on behalf of Plaintiffs' employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee.

### III.    JURISDICTION AND VENUE

28.    This Court has subject-matter jurisdiction to hear this case because Plaintiffs are informed and believe that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimum jurisdictional limits of the Superior Court.

29.    Venue is proper in San Diego County pursuant to Code of Civil Procedure §§ 395(a) and 395.5 because Defendants maintain offices and transacts substantial business in San Diego County, Defendants employed Plaintiffs and other similarly situated and/or aggrieved employees in San Diego County, and the unlawful acts alleged herein that arose in San Diego County have a direct effect on Plaintiffs and other similarly situated and/or aggrieved employees within San Diego County.

### IV.    GENERAL ALLEGATIONS

30.    Plaintiff Ceron is a former non-exempt employee of Defendants who worked as a janitor at the San Diego International Airport from January 1999 to October 2017. As a janitor, Plaintiff Ceron's duties included, but were not limited to, cleaning the airport terminals by dusting and mopping and changing out the trash bags in the trash cans. Defendants compensated Plaintiff Ceron on an hourly basis

6

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

at all relevant times.

31.    As a janitor, Plaintiff Ceron earned $12.60 per hour.  Plaintiff Ceron typically worked approximately more than 40 hours a week. Plaintiff Ceron was typically scheduled to work five days a week from 6 a.m. to 2:30 p.m.

32.    Plaintiff Barcenas is a former non-exempt employee of Defendants who worked as a janitor at the San Diego International Airport from June 20, 2001 through December 20, 2016. As a janitor, Plaintiff Barcenas' duties included, but were not limited to, cleaning the airport terminals by dusting and mopping and changing out the trash bags in the trash cans. Defendants compensated Plaintiff Barcenas on an hourly basis at all relevant times.

33.    As a janitor, Plaintiff Barcenas earned $13.00 per hour.  Plaintiff Barcenas typically worked more than 40 hours a week. Plaintiff Barcenas was typically scheduled to work five days per week from 6:00 a.m. to 2:30 p.m.

34.    Plaintiffs and, on information and belief, other similarly situated and/or aggrieved, worked more than 8 hours in a workday, and/or more than 40 hours in a workweek during the relevant time period.

35.    Plaintiffs and all other similarly situated and/or aggrieved employees worked as non-exempt employees of Defendants during the relevant time period.

36.    Defendants denied Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees, certain rights afforded to them under the California Labor Code, the Industrial Welfare Commission Wage Orders, and the FLSA.  Specifically, Defendants did not properly compensate Plaintiffs and other similarly situated and/or aggrieved employees for all hours worked, failed to provide compliant off-duty meal and rest periods, failed to pay accrued vacation wages, failed to maintain accurate records, failed to provide accurate itemized wage statements, failed to reimburse for all necessary expenses, and failed to pay all wages due and owing by the times set forth by law.

37.    Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees of Defendants did not sign a valid on-duty meal period agreement at any point during their employment with Defendants, nor did they properly waive any of their meal periods.

38.    Defendants had a pattern and practice of not providing Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees with legally compliant meal periods, even

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  though Plaintiffs and other similarly situated and/or aggrieved employees worked more than six (6) hours

2  or ten (10) hours during their workday.

3        39.    Pursuant to Defendants' policies and procedures, Plaintiffs and, on information and belief,

4  other similarly situated and/or aggrieved employees of Defendants were regularly required to remain on

5  duty at all times during their shift, including their meal and rest periods.  Defendants required Plaintiffs

6  and, on information and belief, other similarly situated and/or aggrieved employees, to remain on-duty

7  and maintain and monitor their personal cell phones at all times during their shifts and be ready and

8  available to immediately respond to any instructions.

9        40.    Due to Defendants' requirement that non-exempt janitorial employees remain on duty

10  during their entire shift, Plaintiffs and, on information and belief, other similarly situated and/or aggrieved

11  employees were regularly required to work through their meal periods. These on duty meal periods were

12  not required due to the nature of the work, but rather were for the convenience of Defendants.

13        41.    Thus, as a result of Defendants' illegal policies, Plaintiffs and, on information and belief,

14  other similarly situated and/or aggrieved employees were denied the opportunity to take legally compliant

15  meal periods, in violation of the applicable Wage Order.

16        42.    Defendants similarly have a pattern and practice of failing to authorize and permit Plaintiffs

17  and, on information and belief, other similarly situated and/or aggrieved employees to take legally

18  compliant rest periods of at least 10 minutes for every four-hour work period, or major fraction thereof,

19  because Defendants required them to remain on duty at all times during their shifts.

20        43.    Thus, as a result of Defendants' illegal policies, Plaintiffs and, on information and belief,

21  other similarly situated and/or aggrieved employees were not authorized or permitted to take legally

22  compliant rest periods and were not compensated separately for the missed or non-compliant rest periods,

23  in violation of the applicable Wage Order.

24        44.    Although Plaintiffs and, on information and belief, other similarly situated and/or

25  aggrieved employees' meal and rest periods were regularly on duty, Defendants did not compensate

26  Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees an additional

27  hour of pay at their regular rate of pay for the times that Plaintiffs and other similarly situated and/or

28  aggrieved employees were not authorized or permitted to take a compliant and timely meal or rest period,

8

1   in violation of Labor Code § 226.7.

2        45.    Plaintiffs and, on information and belief, other similarly situated and/or aggrieved

3   employees regularly worked more than eight hours a day and/or more than forty hours a week.

4        46.    Defendants failed to properly pay Plaintiffs and, on information and belief, other similarly

5   situated and/or aggrieved employees at least minimum, regular and overtime wages owed for all time

6   suffered or permitted to work, in violation of the Labor Code and the FLSA's overtime provisions.  For

7   example, Defendants required Plaintiffs and, on information and belief, other similarly situated and/or

8   aggrieved employees to remain on duty at all times during their shift to monitor their personal cell phones

9   and be readily available to immediately respond to any instructions, including their meal periods, even

10  though they clocked out for a thirty (30) minute meal period. Furthermore, Defendants required Plaintiffs

11  and, on information and belief, other similarly situated and/or aggrieved employees to fill out paperwork

12  renewing their identification badges at least once a year but did not pay them for this time. Despite the

13  fact that all time spent performing these duties was compensable work hours because Plaintiffs and, on

14  information and belief, other similarly situated and/or aggrieved employees were subject to the control of

15  their employer during this working time, and Defendants were required to compensate Plaintiffs and other

16  similarly situated and/or aggrieved employees accordingly, Defendants did not count all of this time as

17  hours worked and did not provide proper remuneration.

18       47.    Defendants failed to pay Plaintiffs and, on information and belief, other exempt and non-

19  exempt employees for all of their accrued vacation wages. Pursuant to Defendants' policy, Plaintiffs and

20  other non-exempt janitorial employees were eligible for vacation once they had been employed with

21  Defendants for a year. For example, although Plaintiff Ceron had been employed for more than fifteen

22  (15) years at the time of her termination, she was accruing vacation wages during that time and should

23  have been paid for her accrued vacation at the time of her termination. However, Plaintiff Ceron was only

24  paid for seventy-two and a half (72.5) hours of vacation hours during her employment and her final

25  paycheck did not include any additional amount for vacation wages.

26       48.    Plaintiffs and, on information and belief, other similarly situated and/or aggrieved

27  employees of Defendants incurred expenses in direct consequence of the discharge of their duties of

28  employment with Defendants, but Defendants failed to adequately reimburse them for such expenses.  For

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

9

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

1   example, Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees

2   were required to use their personal cell phones to communicate with their supervisors as they were

3   required to maintain and monitor their personal cell phones at all times when they were on a shift. Despite

4   Defendants' knowledge that Plaintiffs and, on information and belief, other similarly situated and/or

5   aggrieved employees were using their personal cell phones for work related purposes at least once an hour

6   during their shift, Defendants only reimbursed Plaintiff Ceron and, on information and belief, other

7   similarly situated and/or aggrieved employees ninety-four cents ($.94) every pay period and Plaintiff

8   Barcenas one dollar and eighty-seven cents ($1.87) per pay period. Defendants failed to adequately

9   provide appropriate reimbursement for these expenses, in violation of Labor Code § 2802.

10          49.     As a direct consequence of Defendants' illegal policies, Defendants did not keep accurate

11   records of the actual hours that Plaintiffs and, on information and belief, other similarly situated and/or

12   aggrieved employees were under the control of Defendants, including, but not limited to, time suffered

13   and permitted to work, as well as all wages earned.  On information and belief, Defendants failed to keep

14   accurate records of Plaintiffs' and other similarly situated and/or aggrieved employees' hours worked

15   when Defendants failed to record the proper ending of each work day and meal period, in addition to the

16   total hours worked during the pay period, among others.

17          50.     Defendants similarly failed to provide Plaintiffs and, upon information and belief, other

18   similarly situated and/or aggrieved employees with accurate itemized wage statements.  For example,

19   during the applicable statutory period, Defendants failed to furnish Plaintiffs and, on information and

20   belief, other similarly situated and/or aggrieved employees with itemized wage statements correctly

21   identifying, among other things, the total regular and overtime hours worked during the pay period, as

22   well as the correct amount of gross and net wages earned, and all applicable hourly rates and the

23   corresponding number of hours worked at each hourly rate. On information and belief, the wage statement

24   omissions and inaccuracies were not a result of an isolated and unintentional payroll error due to an

25   inadvertent mistake, but rather a result of knowing and intentional omissions by Defendants. In addition,

26   and as a result of these omissions and inaccuracies, Plaintiffs and, on information and belief, other

27   similarly situated and/or aggrieved employees were not promptly and easily able to determine the correct

28   hours worked and/or determine the accurate wages due and owing without reference to other documents

and information.

51.    To this date, Defendants have not paid Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees all wages owed, including all minimum, regular and overtime wages, as well as vacation wages and all meal and rest period premium wages.

52.    Defendants maintained a pattern and practice of failing to pay Plaintiffs and other similarly situated and/or aggrieved employees all wages due and owing at the time of their separation of employment within the time specified by Labor Code §§ 201 and 202 because Defendants failed to pay Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees all wages due and owing at the time of termination of their employment.

53.    Defendants failed to produce Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees' employment records as required under California law.

Based on the foregoing violations of the Labor Code and IWC Wage Order, Defendants engaged in unfair business practices in California and willingly and knowingly engaged in an employment pattern and practice that violated Business & Professions Code § 17200 *et seq*. Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees suffered damages due to Defendants' unfair, unlawful and/or fraudulent actions.

**V.    THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") REPRESENTATIVE ACTION DESIGNATION**

54.    Plaintiff Ceron re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

55.    The Causes of Action alleged herein are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") action because:

a.    Pursuant to California Labor Code  § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of the California Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and all other current or former employees pursuant to the procedures specified in § 2699;

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

b. This action involves allegations of violations of provisions of the California Labor Code that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees;

c. Plaintiff Ceron is an "aggrieved employee" because she was employed by the alleged violators and had one or more of the alleged violations committed against her;

d. On June 29, 2018, Plaintiff Ceron satisfied the procedural requirements of § 2699.3 by serving the LWDA electronically and Defendant FLAGSHIP FACILITY SERVICES, INC. via Certified Mail with his notice for wage and hour violations and penalties, including the facts and theories to support each violation. A true and correct copy of Plaintiff Ceron's notice and proof of service is attached as **Exhibit A**.

e. More than 65 days have passed since Plaintiff Ceron served notice via Certified Mail to the LWDA and his employer. Therefore, Plaintiff Ceron satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code § 2698, *et seq.*

f. Plaintiff Ceron filed this action pursuant to Labor Code § 2699(a) and (f), on behalf of herself and all other aggrieved employees of Defendants to recover civil penalties, including unpaid wages, which are to be paid to the affected employees pursuant to Labor Code §§ 558 and 1197.1.

g. Defendants were Plaintiff Ceron's employer or person acting on behalf of Plaintiff Ceron's employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, is subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

h. Defendants were Plaintiff Ceron's employer or person acting on behalf of Plaintiff Ceron's employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, is subject to civil penalties for each underpaid employee, as well as liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203.

i. Plaintiff Ceron seeks to recover all applicable civil penalties under PAGA on behalf

12

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

of herself and all other aggrieved employees of Defendants in California including, but not limited to, all unpaid and/or underpaid wages pursuant to Labor Code §§ 558 and 1197.1, in accordance with *Reynolds v. Bement*, 36 Cal.4th 1075, 1089 (2005), and *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112 (2012).

## VI.    CLASS ACTION DESIGNATION

56.    Plaintiffs re-allege and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

57.    Plaintiffs bring Causes of Action One through Ten as a Class Action pursuant to California Code of Civil Procedure § 382 on behalf of themselves and all current and former non-exempt janitorial employees of Defendants in the State of California, who were eligible to receive vacation time and whose employment with Defendant ended, who were affected by Defendants' Labor Code, Business and Professions Code, and IWC Wage Order violations, as alleged herein.

58.    Plaintiffs seek to represent the following Class, which is defined as:

**The Class**:

"All current and former non-exempt janitorial employees who worked for Defendants in the State of California at any time from August 13, 2014 through the present."

**The Vacation Class:**

"All exempt and non-exempt employees, who were eligible to receive vacation time and whose employment with Defendants ended at any time from August 13, 2014 through the present."

59.    Plaintiffs also seek to represent the following Subclass, which is defined as:

**The Waiting Time Penalties Subclass:**

"All members of the Class and/or the Vacation Class, whose employment with Defendants ended at any time from August 13, 2015 through the present."

60.    **Reservation of Rights**: Pursuant to California Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definitions with greater specificity, by further division into

13

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

subclasses, and/or limitation to particular issues.

61.    Causes of Action One through Ten are appropriately suited for a class action pursuant to § 382 of the Code of Civil Procedure because the following requirements are met:

**A.    Numerosity**

62.    The members of the Class and Subclass are sufficiently numerous to render the joinder of all their members impracticable.  While Plaintiffs have not yet determined the precise number of members of the Class and Subclass, Plaintiffs are informed and believes that the Class and Subclass likely consists of over 25 individuals.  Although the exact number is currently unknown to Plaintiffs, this information is easily ascertainable from Defendants' time and payroll records and other personnel records.

**B.    Commonality and Predominance**

63.    Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclass.  The common questions of law and fact that predominate include, but are not limited to:

a.    Whether Defendants failed to permit Class members to take a duty-free, thirty-minute meal period before the commencement of the sixth hour of work or before the commencement of the eleventh hour of work;

b.    Whether Defendants failed to permit Class members to take off-duty rest periods of at least 10 minutes for every four hours worked, or major fraction thereof;

c.    Whether Defendants failed to pay one additional hour of pay at the employees' regular rate of compensation to Class members when they were not provided with compliant and timely meal and rest periods;

d.    Whether Defendants failed to pay Class members at least minimum wages and/or all regular wages owed for all hours or fractions of an hour worked and under the control of Defendants;

e.    Whether Defendants failed to pay Class members all overtime wages for all hours, or fraction of hours, worked and under the control of Defendants;

f.    Whether Defendants failed to pay the Vacation Class members all accrued vacation wages;

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

14

SECOND AMENDED COMPLAINT

g.    Whether Defendants failed to indemnify Class members for necessary business expenses incurred in direct consequence of the discharge of their duties;

h.    Whether Defendants failed to properly and accurately record and maintain records of all hours worked and wages earned by Class members;

i.    Whether Defendants failed to provide Class members with accurate itemized wage statements showing, among other things, the correct number of hours worked, the correct amount of gross and net wages earned, all applicable hourly rates, and corresponding number of hours worked at each hourly rate;

j.    Whether Defendants failed to provide Class members with employment records;

k.    Whether Defendants failed to pay Waiting Time Penalties Subclass members all of their wages owed within the required time frames upon separation of employment.

## C.    Typicality

64.    Plaintiffs' claims are typical of the claims of all class members because Plaintiffs and all class members' claims arise from the same event, practice and/or course of conduct of Defendants. Plaintiffs and all class members sustained injuries and damages as a result of Defendants' illegal policies, practices and/or common course of conduct in violation of California wage and hour laws and/or illegal, unfair, or fraudulent business practices.

65.    Furthermore, Plaintiffs' claims under the Labor Code and the applicable IWC Wage Order are typical of the Class and Subclass because Defendants' failure to comply with the provisions of California's wage and hour laws entitles Plaintiffs and each class member to similar pay, benefits, and other relief.  Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiffs and all class members are the same.

## D.    Adequacy of Representation

66.    Plaintiffs have no fundamental conflict of interest with the Class or Subclass they seek to represent.  Plaintiffs will adequately protect the interests of all class members because it is in Plaintiffs' best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to them and putative class members.

67.    Plaintiffs retained attorneys who are experienced employment law litigators with

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  significant wage and hour and class action experience.

2  **E.    Superiority of Class Action**

3      68.    Plaintiffs believe a class action is a superior method of litigation for the fair and efficient

4  adjudication of this controversy.  Individual joinder of all class members is not practicable.  Class action

5  treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient

6  and economical for the parties and the judicial system.

7      69.    Plaintiffs know of no difficulty that might be encountered in the management of this suit,

8  which would preclude maintenance as a class action.

9      **VII.    FAIR LABOR STANDARDS ACT COLLECTIVE ACTION DESIGNATION**

10     70.    Plaintiffs bring their Eleventh cause of action on a collective basis pursuant to the Fair

11  Labor Standards Act. For this claim, Plaintiffs seek to represent all other current and former employees of

12  Flagship Facility Services, Inc. who were employed as non-exempt janitorial employees in the State of

13  California at any time from and after August 13, 2015, and who were not paid in accordance with 29

14  U.S.C. § 207 (hereinafter the "FLSA Class Members").

15     71.    Pursuant to 29 U.S.C. § 256(a), Plaintiffs' written consents are attached hereto as **Exhibit**

16  **B** and filed concurrently herewith. Therefore, the Collective Action shall be considered to be commenced

17  as to Plaintiffs from the date of the filing of this Complaint.

18     72.    Defendants violated 29 U.S.C. § 207 by willfully failing to pay Plaintiffs and non-exempt

19  employees for work performed in excess of forty (40) hours per week.

20     73.    Defendants also violated 29 U.S.C. § 211(c) by failing to keep accurate records. At all

21  relevant times, Defendants did not make, keep, preserve, or furnish accurate records of the actual total

22  hours worked by such employees and pay rates owed to such employees as required for non-exempt

23  employees because Plaintiffs and other non-exempt employees regularly worked more than forty (40)

24  hours per week but were not paid for all of their hours worked.

25     74.    Plaintiffs are similarly situated with members of the Collective Action because:

26         a.    Plaintiffs and members of the Collective Action were employed by Defendants in

27  the same or similar job positions;

28         b.    Plaintiffs and members of the Collective Action were subject to the same policies

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

and procedures of Defendants;

c.      Plaintiffs and members of the Collective Action were not compensated for all hours they worked, as required by the FLSA;

d.      Defendants knowingly and willfully violated provisions of the FLSA by not paying Plaintiffs and members of the Collective Action all wages that they were owed; and

e.      As a result of the Defendants' policies and practices of withholding compensation for all hours worked, including overtime compensation, Plaintiffs and members of the Collective Action have been similarly damaged in that they have not received all of their earned wages to date.

75.      This action is maintainable as an "opt-in" Collective Action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, liquidated damages, and attorney's fees and costs under the FLSA.

76.      Defendants willfully violated the FLSA overtime wage and recording regulations by failing to pay Plaintiffs and other members of the Collective Action all overtime wages earned and owed for all hours worked in excess of forty in one workweek and by failing to maintain accurate records.

77.      All members of the Collective Action during the relevant time period (the period of time beginning three years prior to the filing of this Complaint) should be given notice and be allowed to give their consent to "opt-in" to the Collective Action pursuant to 29 U.S.C. § 216(b).

### VIII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

(Violation of Labor Code §§ 226.7, 512, and 1198 and the "Meal Periods" section of the

Applicable IWC Wage Order)

(Alleged By Plaintiffs Individually and on Behalf of the Class Against Defendants)

78.      Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

79.      Labor Code § 512(a) provides, in part, that employers, including Defendants, "may not employ an employee for a work period of more than five hours per day without providing an employee with a meal period of not less than 30 minutes" and "may not employ an employee for a work period of

17

more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

80. Labor Code § 226.7 requires that employers, including Defendants, provide their employees with meal periods as mandated by the applicable Wage Order of the Industrial Welfare Commission, and prohibits employers from requiring any employee "to work during any meal … period mandated by an applicable order of the Industrial Welfare Commission." Labor Code § 226.7(c) states, "[i]f an employer fails to provide an employee a meal … period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal … period is not provided."

81. Labor Code § 1198 states that the "maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

82. The "Meal Periods" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." It further states, "[a]n employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of employer and employee only if the first meal period was not waived."

83. The "Meal Periods" section of the applicable IWC Wage Order also states, "[u]nless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job meal period is agreed to and complies with Labor Code § 512.

84. The "Meal Periods" section of the applicable IWC Wage Order also states, "[i]f an

18

1  employer fails to provide an employee a meal period in accordance with the applicable provisions of this

2  order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of

3  compensation for each workday that the meal period is not provided."

4       85.    On information and belief, Plaintiffs and the Class were subject to the same policies,

5  practices, and procedures governing the provision and scheduling of meal periods.

6       86.    On information and belief, Defendants have a pattern and practice of not providing

7  Plaintiffs and the Class with legally compliant 30-minute off-duty meal periods during their shifts, even

8  though they worked more than five (5) hours during their workday.

9       87.    Plaintiffs and, on information and belief, the Class were unable to take compliant meal

10  periods because they were regularly required to remain on-duty at all times during their shift.  Plaintiffs

11  and, on information and belief, the Class were required to maintain and monitor their personal cell phones

12  at all times during their shifts and be ready and available to immediately respond to any instructions. and

13  continue working though their meal periods to assist customers. Thus, as a result of Defendants' policies,

14  Plaintiffs' and Class members' meal periods were regularly on duty.

15       88.    Plaintiffs and, on information and belief, the Class members did not sign a valid on-duty

16  meal period agreement at any point during their employment with Defendants.

17       89.    Plaintiffs and, on information and belief, the Class typically worked more than five (5)

18  hours per day and did not properly waive any of their meal periods.

19       90.    Therefore, as a result of Defendants' conduct, including the conduct alleged herein,

20  Defendants violated Labor Code §§ 226.7, 512, and 1198, as well as the applicable IWC Wage Order

21  when Defendants failed to provide Plaintiffs and the Class members a 30-minute, duty-free meal period

22  before the commencement of their sixth hour of work, and a second 30-minute, duty-free meal period

23  before the commencement of their eleventh hour of work.

24       91.    Consequently, pursuant to Labor Code § 226.7(b) and the "Meal Periods" section of the

25  Wage Order, Defendants were required to pay Plaintiffs and the Class one additional hour of pay at their

26  regular rate of compensation for each day that Defendants did not provide Plaintiffs and the Class with a

27  30-minute, duty-free meal period before the commencement of their sixth hour of work or a second 30-

28  minute.

SECOND AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

92.    Despite this obligation, Defendants did not pay Plaintiffs and, on information and belief, the Class one additional hour of pay at each employee's regular rate of compensation for each day that Defendants did not provide Plaintiffs and the Class with a 30-minute, duty-free meal period before the commencement of their sixth hour of work or a second 30-minute.

93.    Instead, on information and belief, Defendants have a common policy and practice of failing to compensate Plaintiffs and the Class with an hour of pay at their regular rate of pay for the times that Defendants did not provide Plaintiffs and the Class with a 30-minute, duty-free meal period before the commencement of their sixth hour of work or a second 30-minute, as required by Labor Code § 226.7(b) and the IWC Wage Order.

94.    Thus, on information and belief, Defendants intentionally refused to perform its obligations to provide meal periods and further failed to compensate Plaintiffs and the Class with all owed meal premium wages as set forth by Labor Code § 226.7(b) and the IWC Wage Order.

95.    Plaintiffs and the Class suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each day a legally compliant meal period was not provided and the associated use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code and IWC Wage Order violations.

96.    Plaintiffs seek all available remedies for Defendants' violations, including, but not limited to, all wages due, monies, and interest to the extent permitted by law.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

(Violation of Labor Code §§ 226.7 and 1198 and

the "Rest Periods" section of the Applicable IWC Wage Order)

(Alleged By Plaintiffs Individually and on Behalf of the Class Against Defendants)

97.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

98.    Labor Code § 226.7 requires employers, including Defendants, to provide to their employees, including Plaintiffs, paid rest periods as mandated by the IWC Wage Orders.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

99.    Labor Code § 1198 states that the "maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

100.    The "Rest Periods" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  It further states, "[a]uthorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

101.    On information and belief, Plaintiffs and the Class were subject to the same policies, practices, and procedures governing the provision and scheduling of rest periods.

102.    Plaintiffs and, on information and belief, the Class were not authorized and permitted to take compliant rest periods because they were regularly required to remain on-duty and continue working through their rest periods due to Defendants' requirement that the Class maintain and monitor their personal cell phones at all times during their shifts and be readily available to immediately respond to any instructions.  Thus, as a result of Defendants' policies, Plaintiffs' and Class members' rest periods were regularly on duty.

103.    Labor Code § 226.7(c) states, "[i]f an employer fails to provide an employee a … rest … period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the …. rest … period is not provided."

104.    Even though Plaintiffs and, on information and belief, Class members were not authorized and permitted to take off-duty rest periods, Defendants did not pay Plaintiffs and the Class appropriate rest period premium wages for each day in which Defendants did not authorize and permit Plaintiffs and

the Class to take compliant rest periods, in violation of Labor Code § 226.7 and the applicable IWC Wage Order.

105.    On information and belief, Defendants have a common policy, pattern, and practice of failing to compensate Plaintiffs and the Class with an hour of pay at their regular rate of pay for the times that Plaintiffs and the Class were not authorized to take rest periods of at least 10 minutes for each four-hour work period, or major fraction thereof.

106.    Plaintiffs and the Class suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each day a rest period was not provided and the associated use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code and IWC Wage Order violations.

107.    Plaintiffs seek all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, and interest, to the extent permitted by law.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY MINIMUM AND REGULAR WAGES

(Violation of Labor Code §§ 1194, 1197, and 1198 and

the "Minimum Wages" section of the Applicable IWC Wage Order)

(Alleged By Plaintiffs Individually and on Behalf of the Class Against Defendants)

108.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

109.    Labor Code § 1197 provides, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum wage so fixed is unlawful."

110.    The "Minimum Wages" section of the applicable IWC Wage Order provides that an employer may not pay employees less than the applicable minimum for all hours worked.

111.    The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

112.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

113.    Defendants failed to pay Plaintiffs and, on information and belief, Class members at least minimum wages for all the time spent working and under the control of Defendants.  For example, Plaintiffs, and on information and belief, Class members were not compensated for their meal periods due to the fact that they were required to remain on duty at all times during their shift to monitor their personal cell phones and be readily available to immediately respond to any instructions, even though they clocked out for a thirty (30) minute meal period. Furthermore, Defendants required Plaintiffs and, on information and belief, other similarly situated employees to fill out paperwork renewing their identification badges at least once a year but did not pay them for this time. Despite the fact that all time spent performing these duties was compensable work hours because Plaintiffs and, on information and belief, other similarly situated employees were subject to the control of their employer during this working time, and Defendants were required to compensate Plaintiffs and other similarly situated employees accordingly, Defendants did not count all of this time as hours worked and did not provide proper remuneration.

114.    Labor Code § 1194 provides, in part, that any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

115.    Labor Code § 1194.2 allows an employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for any action under Labor Code § 1194.

116.    Plaintiffs and the Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

117.    Plaintiffs seek all available remedies for Defendants' violations including, but not limited to, any and all wages due, monies, interest, liquidated damages, attorney's fees, and costs to the extent permitted by law.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME WAGES**

(Violation of Labor Code §§ 510, 1194, 1198, and

the "Hours and Days of Work" section of the Applicable IWC Wage Order)

(Alleged By Plaintiffs Individually and on Behalf of the Class Against Defendants)

118.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

119.    Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."  The "Hours and Days of Work" sections of the applicable IWC Wage Order mandate the same requirements.

120.    Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

121.    Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

122.    The applicable IWC Wage Order defines the term "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

123.    In California, overtime is computed based on the regular rate of pay.  The regular rate of

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

24

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings,

2  commissions, and non-discretionary bonuses, and the value of meals and lodging.

3      124.    Plaintiffs and, on information and belief, the Class regularly worked over eight hours per

4  day and 40 hours per week while employed by Defendants.  Plaintiffs and, on information and belief, the

5  Class did not receive all overtime compensation owed for all overtime hours worked over eight hours per

6  day and/or 40 hours per week during their employment with Defendants.

7      125.    Defendants failed to pay Plaintiffs and, on information and belief, Class members at the

8  proper overtime rate for all the time spent working and under the control of Defendants.  For example,

9  Plaintiffs, and on information and belief, Class members were not compensated for their meal periods due

10  to the fact that they were required to remain on duty at all times during their shift to monitor their personal

11  cell phones and be readily available to immediately respond to any instructions, even though they clocked

12  out for a thirty (30) minute meal period. Furthermore, Defendants required Plaintiffs and, on information

13  and belief, other similarly situated employees to fill out paperwork renewing their identification badges

14  at least once a year but did not pay them for this time. Despite the fact that all time spent performing these

15  duties was compensable work hours because Plaintiffs and, on information and belief, other similarly

16  situated employees were subject to the control of their employer during this working time, and Defendants

17  were required to compensate Plaintiffs and other similarly situated employees accordingly, Defendants

18  did not count all of this time as hours worked and did not provide proper remuneration.

19      126.    Plaintiffs and the Class suffered and continue to suffer losses related to the use and

20  enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and

21  Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional

22  limitations of this Court.

23      127.    Plaintiffs seek all available remedies for Defendants' violations including, but not limited

24  to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

25      WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

26  / / /

27  / / /

28  / / /

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

(Violation of Labor Code § 227.3)

(Alleged By Plaintiffs Individually and on Behalf of the Vacation Class Against Defendants)

128.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

129.    Labor Code § 227.3 provides that "[u]nless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacation time, all vested vacation shall be paid to her as wages in accordance with such contract or employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

130.    Plaintiffs and members of the Vacation Class were provided with paid vacation time through a contract of employment and/or employer policy but not through a collective bargaining agreement.

131.    Plaintiff and members of the Vacation Class did not receive all vacation wages due and owing upon a separation of employment, in violation of Labor Code § 227.3.

132.    Labor Code §§ 218, 218.5 and 218.6 permit the recovery of the unpaid wages, penalties, interest, and attorney's fees and costs as a result of non-payment of vacation wages due pursuant to Labor Code § 227.3.

133.    As a direct result of Defendants' violations, including those alleged herein, Plaintiff and members of the Vacation Class have suffered and continue to suffer injury including substantial losses related to the use and enjoyment of such wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

134.    Plaintiff seeks to recover in a civil action all remedies available including unpaid wages, penalties, interest, attorney's fees and costs, to the fullest extent permissible including those permitted pursuant to Labor Code §§ 218, 218.5, 218.6, 227.3 and Code of Civil Procedure § 1021.5.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

# SIXTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY NECESSARY BUSINESS EXPENSES

(Violation of Labor Code § 2802)

(Alleged By Plaintiffs Individually and on Behalf of the Class Against Defendants)

135.    Plaintiffs re-allege and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

136.    Labor Code § 2802 requires an employer to indemnify its employees for all necessary expenditures or losses incurred by an employee in direct consequence of the discharge of his or her duties of employment.

137.    Labor Code § 2802(b) states, "[a]ll awards made by a court … for reimbursement of necessary expenditures" shall carry interest, at the same rate as judgments in civil actions, and said interest will accrue from the date on which the employee incurred the necessary expenditure including, but not limited to, reasonable costs and attorney's fees incurred by the employee in enforcing their rights granted pursuant to Labor Code § 2802.  The exact amount of the necessary expenditures or losses is in an amount to be proven at time of trial.

138.    Furthermore, Labor Code § 2802(c) states, "[f]or the purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

139.    Plaintiffs and, on information and belief, members of the Class incurred business expenses in direct consequence of their job duties through the use of their personal cell phones.  On information and belief, Plaintiffs and the Class were required to use their personal cell phone in the performance of their work duties to communicate with their supervisors as they were required to maintain and monitor their personal cell phones at all times when they were on a shift. Despite Defendants' knowledge that Plaintiffs and, on information and belief, other similarly situated employees were using their personal cell phones for work related purposes at least once an hour during their shift, Defendants only reimbursed Plaintiff Ceron and, on information and belief, other similarly situated employees ninety-four cents ($.94) every pay period and Plaintiff Barcenas one dollar and eighty-seven cents ($1.87) per pay period. Defendants failed to adequately provide appropriate reimbursement for these expenses, in violation of

27

1    Labor Code § 2802.

2         140.    As a direct result of Defendants' violations alleged herein, Plaintiffs and members of the

3    Class suffered and continue to suffer, substantial losses related to Defendants' failure to indemnify them

4    for the expenses and losses, including the use and enjoyment of such monies, lost interest on such monies

5    and expenses, and attorney's fees and costs in seeking to compel Defendants to fully perform its

6    obligations under state law, all to their respective damage in amounts according to proof at trial and within

7    the jurisdictional limitations of this Court.

8         141.    Plaintiffs seek to recover in a civil action to the fullest extent permissible all available

9    remedies including but not limited to the unpaid balance of the indemnification from Defendants'

10   violations, interest thereon permitted by Labor Code § 2802(b), reasonable attorney's fees and costs of

11   suit, declaratory relief, and any other permitted remedies including those permitted pursuant to Labor

12   Code § 2802 and Code of Civil Procedure § 1021.5. The exact amount of reimbursements, interest, costs

13   and attorney's fees will be in an amount to be proved at time of trial.

14        WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

15                             **SEVENTH CAUSE OF ACTION**

16        **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

17                      (Violation of Labor Code §§ 226, and 1198 and

18                 the "Records" section of the Applicable IWC Wage Order)

19         (Alleged By Plaintiffs Individually and on Behalf of the Class Against Defendants)

20        142.    Plaintiffs re-allege and incorporates by reference the allegations contained in the

21   paragraphs above, as though fully set forth herein.

22        143.    Labor Code § 226(a) requires that employers, including Defendants, furnish their

23   employees with each wage payment an accurate and itemized writing that shows gross wages earned, total

24   hours worked, all deductions, net wages earned, the inclusive dates of the period for which the employee

25   is paid, the name of the employee and the portion of his or her social security number, the name and

26   address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay

27   period and the corresponding number of hours worked at each hourly rate by the employee.

28        144.    Labor Code § 226(e), in part, permits employees suffering injury to collect the greater of

SECOND AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

all actual damages or the amount specified in Labor Code § 226 per violation.

145.    Labor Code § 226(e)(2)(B) states, in pertinent part, "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."

146.    Labor Code § 226(h) states, "An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

147.    Defendants knowingly and intentionally failed to provide Plaintiffs and Class members an accurate itemized wage statement with each wage payment as required by Labor Code § 226(a). Defendants knowingly and intentionally failed to provide Plaintiffs and members of the Class with each wage payment an accurate wage statement showing, among other things, the total regular and overtime hours worked during the pay period, as well as the corresponding gross and net wages earned, all applicable hourly rates, and the corresponding number of hours worked at each hourly rate.

148.    Defendants' failure to provide accurate wage statements deprived Plaintiffs and members of the Class of the ability to promptly and easily understand and question the calculation and rate of pay and hours used to calculate the wages paid by Defendants.  Plaintiffs and members of the Class, therefore, had no way to dispute any error in the payment or calculation of their wages, all of which resulted in an unjustified economic enrichment to Defendants, and Plaintiffs and members of the Class suffered actual damages as a result.

149.    Defendants' failure to provide accurate itemized wage statements constitutes an injury as defined under Labor Code § 226(e)(2)(B). Therefore, Plaintiffs and members of the Class have suffered an injury for purposes of Labor Code § 226 and are entitled to recover the greater of all actual damages or the amount specified in § 226 per violation.

150.    Plaintiffs and Class members suffered and continue to suffer injuries, losses and actual damages as a direct result of Defendants' Labor Code violations, including lost interest on such wages,

and expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations, in an amount to be shown according to proof at trial.

151.    Plaintiffs seek to recover all available remedies including, but not limited to damages, penalties, attorney's fees, costs, and injunctive relief to the fullest extent permitted by law.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## **EIGHTH CAUSE OF ACTION**

## **FAILURE TO TIMELY PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

(Violations of Labor Code §§ 201, 202, 203)

(Alleged By Plaintiffs Individually and on Behalf of the Waiting Time Penalty Subclass Against Defendants)

152.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

153.    Labor Code § 201 requires Defendants to immediately pay any wages, without abatement or reduction, to any employee who is discharged.  Labor Code § 202 requires Defendants to pay any and all wages due and owing to an employee not having a written contract for a definite period, who quits his or her employment, within 72 hours of the employee quitting his or her employment, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

154.    For violation of Labor Code §§ 201 and 202, Labor Code § 203 causes the unpaid wages of an employee to continue as a penalty from the due date thereof, at the same rate until paid or until an action is commenced, but the wages shall not continue for more than 30 days.

155.    As a result of Defendants' conduct during the applicable statutory period, Defendants willfully failed to pay Plaintiffs and, on information and belief, the Waiting Time Penalties Subclass all wages due and owing to them, including minimum wages, overtime wages, and regular wages for all the time they were suffered or permitted to work or were engaged in work under Defendants' control, as well as vacation wages, and all meal period premiums and rest period premiums owed within the time required by Labor Code §§  201 and 202, as applicable.

156.    To date, Plaintiffs have not yet received all wages due and payable, including but not

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

1  limited to, minimum wages, overtime wages, regular wages, vacation wages, and meal and rest period

2  premium wages owing to her.  On information and belief, members of the Waiting Time Penalties Subclass

3  have not yet received all minimum wages, overtime wages, regular wages, vacation wages, and meal and

4  rest premium wages due and owing to them.

5  157.    As a direct result of Defendants' violations alleged herein, Plaintiffs and the Waiting Time

6  Penalties Subclass members suffered and continue to suffer losses related to the use and enjoyment of

7  wages due and owing to them, all to their respective damage in an amount to be shown according to proof

8  at trial and within the jurisdictional limitations of this Court.

9  158.    Plaintiffs seek all available remedies for Defendants' violations to the fullest extent

10  permissible.

11  WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## NINTH CAUSE OF ACTION

## FAILURE TO PRODUCE EMPLOYMENT RECORDS

(Violations of Labor Code §§ 226(c) and 1198.5)

(Alleged By Plaintiff Ceron Individually and on Behalf of the Class Against Defendants)

16  159.    Plaintiff Ceron re-alleges and incorporates by reference the allegations contained in the

17  paragraphs above, as though fully set forth herein.

18  160.    Plaintiff Ceron was a non-exempt employee of Defendants who worked in California

19  within the meaning of the Labor Code and applicable Wage Order.

20  161.    Pursuant to Labor Code section 226(c), an employer who receives a written request to

21  inspect or copy records pertaining to an employee must comply within 21 calendar days from the date of

22  the request.

23  162.    Labor Code section 226(t) provides that a failure by an employer to permit a former

24  employee to inspect or copy records within the 21-day period entitles the employee to recover a $750

25  penalty from the employer.

26  163.    Labor Code section 1198.5 gives every current and former employee, or his or her

27  representative, the right to inspect and receive a copy of the personnel records that the employer maintains

28  relating to the employee's performance or to any grievance concerning the employee.

164.    Under Labor Code section 1198.5, if an employer fails to permit a current or former employee to inspect or copy his personnel records within the thirty days provided in the statute, the employee may recover a penalty of $750 from the employer.

165.    Plaintiff Ceron sent an employment records request letter via certified mail on December 18, 2017 to the address on file for Defendants. On February 27, 2018, Plaintiff Ceron sent an additional employment records request letter via certified mail. Plaintiff Ceron did not receive her employment records until November 19, 2018.

166.    Thus, Plaintiff Ceron seeks all available remedies on behalf of herself, including but not limited to the Labor Code sections 226(f) and 1198.5 penalties authorized under California law.

WHEREFORE, Plaintiff Ceron prays for relief as hereinafter requested.

## TENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, *ET SEQ.*

(Alleged By Plaintiffs Individually and on Behalf of the Class and Vacation Class Against Defendants)

167.    Plaintiffs re-allege and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

168.    California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

169.    Defendants' Labor Code and IWC Wage Order violations alleged herein constitute "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and Professions Code §§ 17200-17208 and include, but are not limited to: (i) failure to provide proper meal periods and pay Plaintiffs and the Class premium wages for failure to provide compliant meal periods; (ii) failure to provide proper rest periods and pay Plaintiffs and the Class premium wages for failure to provide compliant rest periods; (iii) failure to pay Plaintiffs and the Class all regular, minimum, and overtime wages for all hours suffered or permitted to work and under the control of Defendants; (iv) failure to pay the Vacation Class all accrued vacation wages; (v) failure to indemnify Plaintiffs and the Class for necessary business expenses incurred in direct consequence of the discharge of their duties and under the direction of Defendants; (vi) failure to maintain accurate records of the hours that Plaintiffs and the Class worked while employed by Defendants; (vii) failure to provide Plaintiffs and the Class with accurate

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

32

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

itemized wage statements; and (viii) failure to timely pay Plaintiffs and members of the Waiting Time Penalties Subclass all wages owed upon separation of their employment with Defendants.

170.    Defendants intentionally avoided paying Plaintiffs and the Class and Vacation Class all wages and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially lower cost of doing business, and thus, undercut its competitors.

171.    Defendants lowered their costs of doing business by paying Plaintiffs and the Class and Vacation Class an amount less than what is required by the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and other similarly situated employees to perform work without fair compensation and benefits.

172.    Defendants held themselves out to Plaintiffs and the Class and Vacation Class as being knowledgeable about, and adhering to, the employment laws of California at all times relevant herein. Plaintiffs and the Class and Vacation Class relied on and believed in Defendants' representation concerning Defendants' adherence to the California laws, all to their detriment.

173.    Defendants' scheme to lower its payroll and operation costs and thus profit, by withholding money owed to the class and withholding wages, compensation and benefits, which are all the property of Plaintiffs and the Class and Vacation Class, in violation of the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code § 17200, *et seq*.  As a result of Defendants' unfair competition, Plaintiffs and the Class and Vacation Class suffered injury in fact by losing money and/or property.

174.    Business and Professions Code § 17204, states, in relevant part, "[a]ctions for relief pursuant to this chapter shall be prosecuted…by…a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

175.    Defendants acquired money and property owed to Plaintiffs and the Class and Vacation Class by means of an unlawful practice that constitutes unfair competition as defined by Business and Professions Code § 17200, *et seq*.

176.    Plaintiffs and the Class and Vacation Class are persons in interest under Business and Professions Code § 17203 to whom money and property should be restored.  Business and Professions

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Code § 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204."

177.    Plaintiffs is a person who suffered injury in fact and lost money, wages, compensation, and benefits, as a result of Defendants' unfair competition.  Thus, pursuant to Business and Professions Code §§ 17203 and 17204, Plaintiffs may pursue representative claims and relief on behalf of themselves and the putative classes.

178.    Pursuant to Business and Professions Code § 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

179.    Defendants reaped unfair benefits and illegal profits at the expense of Plaintiffs and the Class and Vacation Class by committing the unlawful acts alleged herein. Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code § 17203, and restore all unpaid wages to Plaintiffs and the Class and Vacation Class.

180.    Plaintiffs and the Class and Vacation Class suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

181.    Plaintiffs seek all available remedies on behalf of themselves and on behalf of the Class and Vacation Class, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial.  All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code § 17205.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## **ELEVENTH CAUSE OF ACTION**

## **PRIVATE ATTORNEYS GENERAL ACT OF 2004 CLAIM FOR CIVIL PENALTIES**

### (Violation of Labor Code §§ 2698 *et seq.*)

(Alleged By Plaintiff Ceron On Behalf of All Aggrieved Employees of Defendants Against Defendants)

182.    Plaintiff Ceron re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

183.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a

34

civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

184.    This cause of action involves allegations of violations of Labor Code §§ 201, 202, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1174(d), 1197, 1198, 1198.5, and 2802 which, pursuant to Labor Code § 2699.5, provide for a civil penalty to be assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code  § 2699.3.

185.    Defendants employed Plaintiff Ceron and Plaintiff Ceron had one or more of the alleged violations committed against her. Therefore, Plaintiff Ceron is an "aggrieved employee" under PAGA because the alleged violator employed her and she had one or more of the alleged violations committed against her. As such, Plaintiff Ceron is properly suited to represent the interests of other aggrieved employees in a PAGA Representative action.

186.    Plaintiff Ceron seeks to recover civil penalties, including underpaid wages pursuant to Labor Code §§ 558 and 1197.1, on behalf of herself and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code §§ 201, 202, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1174(d), 1197, 1198, 1198.5, and 2802.

187.    For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code § 2699(f) imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

188.    Defendants violated Labor Code §§ 226.7, 512, and 1198 by failing to provide Plaintiff Ceron and aggrieved employees lawfully compliant meal periods and by failing to pay them meal period premium wages for each day a meal period was not provided.  Under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

189.    Defendants violated Labor Code §§ 226.7 and 1198 by failing to authorize and permit Plaintiff Ceron and aggrieved employees to take duty-free rest periods and by failing to pay them rest period premium wages for each day a rest period was not provided.  Under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

190.    Defendants violated Labor Code §§ 223, 1194, 1197, and 1198 by not paying Plaintiff Ceron and other aggrieved employees at least minimum and regular wages for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 223, 1194, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

191.    Defendants violated Labor Code §§ 223, 510, 1194, and 1198, by not paying Plaintiff Ceron and other aggrieved employees all overtime wages earned for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. At all relevant times, Plaintiff Ceron and, on information and belief, other aggrieved employees were not paid all overtime when they worked in excess of eight hours a workday or forty hours in a workweek. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 223, 1194, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

192.    Defendants violated Labor Code section 1198.5, by not providing Plaintiff Ceron and other aggrieved employees a copy of their personnel records, as alleged herein. At all relevant times, Plaintiff Ceron and, on information and belief, other aggrieved employees have not received a copy of their personnel records upon request to inspect or copy records pertaining to their employment. Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code section 1198.5, and $200 for each aggrieved employee per pay period for each subsequent violation.

193.    Defendants violated Labor Code section 227.3 by not paying Plaintiff Ceron and other

SECOND AMENDED COMPLAINT

aggrieved employees for all of their accrued vacation wages at termination, as required by law and as alleged herein.  Thus, under Labor Code section 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code section 227.3, and $200 for each aggrieved employee per pay period for each subsequent violation.

194.    Under Labor Code § 225.5, Defendants, in addition to, and entirely independent and apart from, any other penalty, is subject to a civil penalty for unlawfully withholding wages due Plaintiff Ceron and other aggrieved employees in violation of Labor Code § 223 as follows: (1) For an initial violation, one hundred dollars ($100.00) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200.00) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.  This amount shall be recovered on behalf of the Labor Commissioner.

195.    Defendants violated Labor Code §§ 201, 202, and 1198 by not paying Plaintiff Ceron and aggrieved employees all minimum, regular, and overtime wages owed, vacation wages, and all meal and rest premium wages owed by the time set forth by law upon their separation of employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 201, 202, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

196.    Defendants violated Labor Code §§ 204 and 1198 by not paying Plaintiff Ceron and aggrieved employees all minimum, regular, and overtime wages owed, and all meal and rest premium wages owed by the time set forth by law during their employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 204 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

197.    Under Labor Code § 210(a), Defendants, in addition to, and entirely independent and apart from any other penalty, is subject to a civil penalty for failing to pay the wages of each aggrieved employee as provided in Labor Code § 204, as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each aggrieved employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each aggrieved employee, plus 25

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

1  percent of the amount unlawfully withheld. This amount shall be recovered on behalf of the Labor

2  Commissioner.

3       198.    Defendants violated Labor Code §§ 226(a), 1174(d), and 1198 by failing to maintain

4  records detailing the start and end times of work shifts and meal periods, and knowingly and intentionally

5  failing to maintain and provide Plaintiff Ceron and other aggrieved employees of Defendants with wage

6  statements itemizing accurately all information required by Labor Code § 226(a), as alleged herein,

7  including the total hours worked, all regular hours worked, all overtime hours worked, the applicable

8  hourly rate per hour worked, and the total wages earned. Thus, under Labor Code § 2699(f)(2), Defendants

9  are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation

10  of Labor Code §§ 226(a) and 1198, and $200 for each aggrieved employee per pay period for each

11  subsequent violation.

12       199.    Alternatively, Labor Code § 226.3 provides for a civil penalty in the amount of $250 per

13  violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the

14  employer fails to provide the employee a wage deduction statement or fails to keep the records required

15  in subdivision (a) of § 226.

16       200.    Labor Code § 1174.5 provides for a civil penalty of $500 for any person employing labor

17  who willfully fails to maintain accurate and complete records required by subdivision (d) of § 1174.

18       201.    Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff Ceron and all

19  aggrieved employees for necessary expenses that they incurred in the discharge of their duties of

20  employment. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for

21  each aggrieved employee per pay period for the initial violation of this section, and $200 for each

22  aggrieved employee per pay period for each subsequent violation.

23       202.    Defendants are and were Plaintiff Ceron's and aggrieved employees' employers or other

24  person(s) acting either individually or as an officer, agent, or employee of another person(s), who pays or

25  causes to be paid to any employee a wage less than the minimum fixed by an order of the Commission,

26  and, as such, are subject to civil penalties for each underpaid employee pursuant to Labor Code § 1197.1.

27       203.    Labor Code § 1197.1 imposes upon Defendants for each initial violation of Labor Code §

28  1197 by paying or causing an employee to be paid less than the minimum wage, a civil penalty of $100.00

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

38

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

for each underpaid employee for each pay period for which the employee is underpaid. Furthermore, Labor Code § 1197.1 imposes upon Defendants for each subsequent violation a civil penalty of $250.00 for each underpaid employee for each pay period for which the employee was underpaid.  The civil penalty recoverable under Labor Code § 1197.1 is in addition to an amount sufficient to recover the underpaid wages, as well as liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code § 203, which shall be paid directly to each affected employee.

204.    Defendants are and were Plaintiff Ceron's and other aggrieved employees' employers, or persons acting on their behalf, within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, is subject to civil penalties for each underpaid employee as set forth in Labor Code § 558.

205.    Pursuant to Labor Code § 558, Defendants are subject to a civil penalty of $50.00 for an initial violation of Labor Code §§ 510 and512, for each aggrieved employee, for each pay period for which the aggrieved employee was not provided with a timely off-duty 30-minute meal period, all overtime wages for all hours worked, and the required days of rest, as alleged herein.  Furthermore, Labor Code § 558 imposes upon Defendants for each subsequent violation of Labor Code §§ 510 and 512, a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a timely off-duty 30-minute meal period, and all overtime wages for all hours worked, as alleged herein.  The civil penalty recoverable under Labor Code § 558 is in addition to an amount sufficient to recover the underpaid meal premium and overtime wages, which shall be paid directly to each affected employee.

206.    Labor Code § 558 also imposes upon Defendants for each initial violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $50.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. Furthermore, Labor Code § 558 imposes upon Defendants for each subsequent violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein.

As set forth in *Thurman v. Bayshore Transit Management*, 203 Cal.App.4th 1112, 1153 (2012), the Hours and Days of Work section of the Wage Order also covers failure to provide rest periods and Plaintiff may therefore recover civil penalties, including the underpaid wages, under Labor Code § 558 for each such violation.

207.    For bringing this action, Plaintiff Ceron is additionally entitled to attorney's fees and costs incurred herein.

208.    Plaintiff Ceron seeks to recover civil penalties on behalf of herself and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code §§ 201, 202, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1174(d), 1197, 1198, 1198.5, and 2802, pursuant to Labor Code § 2698, *et seq*. The exact amount of the applicable penalties is in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiff Ceron prays for relief as hereinafter requested.

### TWELFTH CAUSE OF ACTION

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")

(Violation of 29 U.S.C. §§ 207, 211(c))

(Alleged By Plaintiffs Individually and on Behalf of the FLSA Class Members Against Defendants)

209.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

210.    Plaintiffs bring this individual and Collective Action for FLSA violations on behalf of themselves and members of the Collective Action pursuant to 29 U.S.C. § 201, *et seq*.

211.    Pursuant to 29 U.S.C. § 256(a), Plaintiffs' written consents are attached hereto as **Exhibit B** and filed concurrently herewith. Therefore, the Collective Action shall be considered to be commenced as to Plaintiffs from the date of the filing of this Complaint.

212.    Plaintiffs and other members of the Collective Action are covered by the FLSA because they work or worked a total of more than eight hours a week for Defendants.

213.    At all times relevant hereto, Defendants' employment of Plaintiffs and members of the Collective Action was covered by the FLSA through enterprise coverage because Defendants have an annual dollar volume of sales or business done of at least $500,000.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

214.    At all times relevant herein, 29 U.S.C. § 203(d) of the Fair Labor Standards Act defined employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

215.    At all times relevant herein, Defendants acted directly or indirectly in the interest of an employer in relation to Plaintiffs and members of the Collective Action.

216.    Defendants willfully failed to pay Plaintiffs and members of the Collective Action overtime compensation due under the FLSA in violation of 29 U.S.C. §§ 207(a) and (l) through its conduct alleged above, including by failing to properly compensate Plaintiffs and members of the Collective Action for all time spent working under the direction and control of Defendants in excess of forty (40) hours per week.

217.    At all times relevant herein, Defendants failed to keep records required by the FLSA, in violation of 29 U.S.C. § 211(c), by failing to keep accurate records of the total hours worked by Plaintiffs and Members of the Collective Action.

218.    As a result of Defendants' conduct, Plaintiffs and members of the Collective Action have been damaged and are owed overtime compensation pursuant to 29 U.S.C. § 216(b), are entitled to liquidated damages under 29 U.S.C. § 216(b), are entitled to pre-judgment interest if liquidated damages are not awarded, and reasonable attorney's fees and costs of suit, pursuant to 29 U.S.C. § 216(b).

219.    Plaintiffs request relief as described below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

      a.    For general damages;

      b.    For special damages;

      c.    For an award of liquidated damages to the extent permissible by Labor Code § 1194.2 and 29 U.S.C. § 216(b);

      d.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 218.5, 218.6, 226, 1194, 2802, and 29 U.S.C. § 216(b);

      e.    For civil and statutory penalties to the extent permitted by law, including those

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

41

pursuant to the Labor Code, the Private Attorneys General Act, and the Orders of the Industrial Welfare Commission;

f.    For restitution as provided by Business and Professions Code § 17200, *et seq.*;

g.    For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code § 17200, *et seq.*;

h.    For an award of damages in the amount of unpaid compensation and monies including, but not limited to actual damages, unpaid wages, minimum wages, regular wages, overtime wages, vacation wages, waiting time penalties and other penalties according to proof, including interest thereon, to the extent permissible by law;

i.    For an award of an additional hour of pay at the regular rate of compensation for each noncompliant meal and rest period, pursuant to Labor Code § 226.7 and the applicable Order of the Industrial Welfare Commission;

j.    For an award of the greater of actual damages or the liquidated damage amounts provided by Labor Code § 226(e) for Defendants' failure to provide accurate itemized wage statements, pursuant to Labor Code § 226(a);

k.    For civil penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages pursuant to Labor Code §§ 558 and 1197.1;

l.    For injunctive relief as provided by the Labor Code including but not limited to Labor Code § 226(h), and Business and Professions Code § 17200, *et seq.*

m.    For indemnification of all losses incurred as a result of employment with Defendants, with interest;

n.    For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code §§ 218.6 and 1194;

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

o.  For an order imposing a constructive trust upon Defendants to compel it to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

p.  For an accounting to determine all money wrongfully obtained and held by Defendants;

q.  For a declaratory judgment that Defendants violated Labor Code §§ 201, 202, 226(a), 226.7, 227.3, 510, 512, 1197, 1198, and 2802, as well as the "Hours and Days of Work," "Minimum Wages," "Records," "Meal Periods," and "Rest Periods" sections of the Wage Order of the Industrial Welfare Commission; and

r.  An award of such other and further relief as this Court deems proper and just.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all Causes of Action to the extent authorized by law.

Dated: January 9, 2019                    GRAHAM**HOLLIS** APC

By: _____
GRAHAM S.P. HOLLIS
VILMARIE CORDERO
LAURA M. SUPANICH
Attorneys for Plaintiff MARTA L CERON DE OROZCO and EMMA BARCENAS

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

43

EXHIBIT A



June 29, 2018

Attorneys at Law

3555 Fifth Avenue Suite 200
San Diego, California 92103
619.692.0800 voice
619.692.0822 fax

www.grahamhollis.com

Rita Leong
rleong@grahamhollis.com
619.546.4373 direct

**VIA ONLINE ELECTRONIC FILING**

California Labor and Workforce Development Agency
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612
*Submitted via LWDA Online Filing System Only*

**CERTIFIED MAIL (RETURN RECEIPT)**

Flagship Facility Services, Inc.
1050 N. Fifth Street, Suite 50
San Jose, CA 95112

Philip K Akalp
CorpNet Incorporated
Agent for Service of Process for Flagship Facility Services, Inc.
340 N. Westlake Blvd., Suite 210
Westlake Village, CA 91362

Re:     Marta L Ceron De Orozco's Wage and Hour Claims Against
         Flagship Facility Services, Inc.

Dear Labor and Workforce Development Agency and Flagship Facility Services, Inc.:

Please be advised that Marta L. Ceron De Orozco ("Claimant") has retained our firm to represent her for claims against her former employer, Flagship Facility Services, Inc.

This letter shall serve as Claimant's written notice to the Labor and Workforce Development Agency ("LWDA") and Flagship Facility Services, Inc. (hereinafter referred to as "Flagship") of the Labor Code violations that Claimant alleges Flagship committed against her and other current and former non-exempt employees of Flagship in California. Claimant provides this notice in accordance with the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code section 2698, *et seq*. Claimant desires to file a civil action to enforce her rights under the Labor Code and intends to represent all other current and former non-exempt employees of Flagship who performed work in California during the relevant time period and who suffered at least one of the wage and hour violations described herein during that time (hereinafter also referred to as "aggrieved employees").

Graham S.P. Hollis

Vilmarie Cordero

Nicole R. Roysdon

Geoff D. La Val

Caroline G. Massey

Rita Leong

Laura M. Supanich

California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 2



## FACTUAL BACKGROUND

The following factual background is based upon the limited investigation Claimant has been able to conduct to date. Flagship is a California Corporation providing commercial janitorial and facility maintenance services throughout California.

From approximately January 1999 through October 2017 Claimant worked as a janitor at Flagship and was assigned to the San Diego International Airport in San Diego, California. Throughout her employment as a janitor, Claimant was employed as a non-exempt employee and was compensated at an hourly rate of pay of approximately $12.60 per hour. As a janitor, Claimant's duties included, but were not limited to, cleaning the airport terminals by dusting and mopping and changing out the trash bags in the trash cans.  Claimant typically worked five days a week from approximately 6:00 a.m. - 2:30 p.m.  As detailed herein, however, Claimant was required to perform her regular duties during her meal and rest periods.

Flagship denied Claimant and other non-exempt employees in California specific rights afforded to them under the California Labor Code and the applicable Industrial Welfare Commission Wage Order ("IWC Wage Order").  For instance, Flagship failed to pay Claimant and other non-exempt employees in California all minimum, regular, overtime wages owed for all hours worked; failed to provide them with legally compliant meal and rest periods, or premium pay for missed or deficient meal and rest periods; failed to maintain accurate records or issue them accurate itemized wage statements; failed to reimburse them for necessary expenses incurred in the discharge of their duties of employment; failed to pay vacation wages due and payable upon termination; and failed to timely pay them all wages due during, and upon separation of, their employment.

Flagship failed to provide Claimant and other non-exempt employees with legally compliant 30-minute, off-duty meal periods because Flagship did not relieve them of all duties. Flagship required Claimant and other non-exempt employees to perform their regular duties during their meal periods and did not relieve them of all duties. For example, Flagship enforced a policy that non-exempt employees were required to have their personal cell phones on and with them at all times during their shifts and answer their personal cell phones at all times during their shifts, with the requirement that they will have to be readily and available to immediately respond to any instruction. Claimant and non-exempt employees were reprimanded if they did not answer their personal cell phones for work-related purposes. Due to Flagship's policy and practice, Claimant and other non-exempt employees were consistently required to be on-duty and work through their meal periods. The nature of Claimant's duties did not prevent her from being relieved of all job duties for a timely 30-minute, off-duty meal period and Claimant did not sign an on-duty meal period agreement at any point during her employment with Flagship. In addition, when Claimant and other non-exempt employees worked more than ten (10) hours in a shift, they were never provided a second 30-minute meal period and did not receive a meal period premium required under California law.

Even though Claimant did not receive legally compliant meal periods, Flagship did not pay Claimant the additional one hour of pay at her regular rate of pay that Claimant was owed for each workday that Flagship did not provide Claimant a compliant meal period, as required under Labor Code

California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 3

section 226.7 and the applicable IWC Wage Order. On information and belief, Flagship similarly failed to pay other non-exempt employees an additional hour of pay at their respective regular rates of pay for each workday that they were not provided a compliant meal period. Consequently, Flagship owes Claimant and other non-exempt employees a meal period premium for each workday that Claimant and other non-exempt employees were not provided a compliant meal period.

Claimant and other non-exempt employees were also not authorized and permitted to take off-duty, 10-minute rest periods for every four hours of work, or major fraction thereof, because Flagship's aforementioned policy forced Claimant and other non-exempt employees to leave their personal cell phones on, required them to monitor their personal cell phones at all times during their shifts, and remain on-duty and work through their rest periods. Additionally, Claimant and other non-exempt employees were never allowed to take a third rest period when working more than a ten (10) to twelve (12) hour shift. Although Claimant did not receive legally compliant rest periods, Flagship did not pay Claimant any rest period premium wages, as required under Labor Code section 226.7 and the applicable IWC Wage Order. On information and belief, Flagship similarly failed to pay other non-exempt employees an additional hour of pay at their respective regular rates of pay for each workday that they were not authorized and permitted to take a compliant rest period. As a result, Flagship owes Claimant and other non-exempt employees a rest period premium for each workday that Claimant and other non-exempt employees were not authorized and permitted to take a compliant rest period.

Claimant and other non-exempt employees were not paid all minimum, regular, and overtime wages owed for all of the time that they worked for Flagship or were subject to Flagship's control because Flagship required them to work during their entire shift, including rest periods, and off-the-clock during their meal breaks, and after their shift end-times without compensation. On information and belief, in order to avoid paying Claimant and other non-exempt employees additional overtime, Flagship had a policy and practice that Claimant and, on information and belief, other similarly situated employees, had to stay after work to fill out paperwork renewing their identification badges at least once a year without being compensated for their time. Furthermore, Claimant's supervisor routinely called and interrupted Claimant and other non-exempt employees during their meal and rest breaks for work-related purposes even though Claimant and other non-exempt employees clocked out for a 30 minute meal period. Thus, Claimant and other non-exempt employees did not receive the statutory minimum wage for all time suffered or permitted to work because they were not properly compensated at their regular rate of pay, nor did they receive proper overtime compensation for all hours worked after the eighth hour in a workday and forty hours in a workweek.

Flagship failed to pay Claimant and other non-exempt employees for all of their vacation wages. Pursuant to Flagship's policy, full-time employees are eligible for vacation determined by the position and length of time of continuous employment. Although Claimant had been employed for more than fifteen years at the time of her termination, she should have been accruing 20 working days of vacation wages during that time and should have been paid for her accrued vacation at the time of her termination. Claimant's final paycheck included an amount for 72.5 hours of vacation wages, however this is only partial payment of her vacation wages.

California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 4



Flagship further failed to reimburse Claimant and other non-exempt employees for all necessary business expenses that they incurred in the discharge of their duties of employment. For example, Claimant and other non-exempt employees were required to maintain and monitor their personal cell phones at all times when they were on a shift so they would be available to respond to instruction and they were contacted by their supervisors on their personal cell phones. Claimants and other non-exempt employees did not receive an adequate reimbursement for the use of their personal cell phones, as required by California law. For instance, Claimant received phone calls from her supervisor at least every hour, but only received a $.94 reimbursement every pay period, which was twice a month.

Flagship also failed to maintain accurate records reflecting, among other things, all of Claimant's and other non-exempt employees' time worked, meal periods, as well as all meal and rest period premiums owed, in violation of California law. Due to this failure to maintain accurate records, Flagship also did not issue accurate itemized wage statements for Claimant and other current and former non-exempt employees because the wage statements issued by Flagship did not include the correct total regular and overtime hours worked or the correct amount of gross and net wages earned. In addition, the wage statements Flagship provided to Claimant did not include the correct applicable hourly rates and correct corresponding numbers of hours worked at each hourly rate. Specifically, Flagship failed to include the correct minimum and/or overtime rate.

Flagship failed to produce Claimant and other current and former non-exempt employees' employment records as required under California law. Claimant sent two employment records request letters via certified mail and to date has not received a copy her personnel records.

Lastly, and as a direct result of the aforementioned Labor Code violations, Flagship did not pay Claimant and other non-exempt employees all wages due and payable during, and upon separation of, their employment, as required under Labor Code sections 201, 202 and 204.

Due to the foregoing Labor Code violations, Flagship denied Claimant and other non-exempt employees certain rights afforded them under the California Labor Code and IWC Wage Orders and Claimant, therefore, makes these claims against Flagship on behalf of herself and all other aggrieved employees of Flagship in California.

### FAILURE TO PROVIDE COMPLIANT MEAL PERIODS AND AUTHORIZE AND PERMIT REST PERIODS
(Labor Code sections 226.7, 512, 558, 1198 and the "Meal Periods" and
"Rest Periods" sections of the Applicable IWC Wage Order)

Labor Code section 226.7(b) states, "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission…" Labor Code section 226.7(c) states, "[i]f an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 5



Labor Code section 512(a) states, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes."

The "Meal Periods" section of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." Furthermore, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

The "Rest Periods" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof." Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

Labor Code section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

As set forth above, Flagship did not provide Claimant and other non-exempt employees the opportunity to take uninterrupted, duty-free meal and rest periods, as required by law. Consequently, Claimant and other non-exempt employees are entitled to receive one meal period premium for each workday that a compliant meal period was not provided and one rest period premium for each workday that a compliant rest period was not authorized or permitted. Claimant will pursue all available remedies for Flagship's violations on behalf of herself and other aggrieved employees in California to the extent allowed by law.

### FAILURE TO PAY MINIMUM, REGULAR, AND OVERTIME WAGES
(Labor Code sections 223, 225.5, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198 and the "Minimum Wages" and "Hours and Days of Work" sections of the Applicable IWC Wage Order)

Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

Labor Code section 1197.1 states, "[a]ny employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage

California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 6



less than the minimum fixed by an applicable state or local law or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203."

Labor Code section 1198 states, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

Labor Code section 223 states, "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract." In addition, Labor Code section 225.5 provides that every person who unlawfully withholds wages due any employee in violation of Section 223 shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Labor Code section 510 states, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." The "Hours and Days of Work" sections of the Applicable IWC Wage Order mandate the same requirements.

Labor Code section 558 states, "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) Wages recovered pursuant to this section shall be paid to the affected employee."

Labor Code section 1194(a) states, "…any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

As set forth above, Flagship failed to pay Claimant and other non-exempt employees all minimum, regular, and overtime wages, as required by law. Claimant will pursue all available remedies



California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 7

for these alleged violations on behalf of herself and all other aggrieved employees of Flagship in California to the extent allowed by law.

## FAILURE TO PAY ACCRUED VACATION
### (Labor Code section 227.3)

Labor Code section 227.3 states that, "…whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

As set forth above, Flagship failed to provide, pursuant to the reference guide, and pay Claimant and other non-exempt employees all accrued vacation wages at termination, as required by law. Claimant will pursue all available remedies for Flagship's violations on behalf of herself and all other aggrieved employees to the extent allowed by law.

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### (Labor Code section 2802)

Labor Code section 2802 provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

Labor Code section 2802(b) states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." Accordingly, Claimant will request that he receive interest on the applicable amount.

Furthermore, Labor Code section 2802(c) states, "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section." Consequently, Claimant will also request reimbursement of the attorney's fees incurred in pursuing this matter.

As set forth above, Flagship violated the above listed Labor Code sections because Flagship did not adequately reimburse Claimant and other non-exempt employees for all of the expenses incurred in the use of their personal cell phones, as required under California law. Claimant will pursue all available remedies for these alleged violations on behalf of herself and all other aggrieved employees of Flagship to the extent allowed by law.



California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 8

## FAILURE TO MAINTAIN ACCURATE RECORDS
(Labor Code sections 1174, 1174.5, 1198, and the "Records" section of the Applicable IWC Wage Order)

Labor Code section 1174 states, "[e]very person employing labor in this state shall… [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments."

Labor Code section 1174.5 imposes a civil penalty of $500 for an employer's failure to maintain accurate and complete records.  This civil penalty is in addition to the civil penalty of $100 per pay period, per aggrieved employee that would be imposed pursuant to Labor Code section 2699 for a violation of Labor Code section 1174(d).

The "Records" section of the applicable IWC Wage Order states that every employer shall keep accurate information with respect to each one of its employees, including time records showing when the employee begins and ends each work period, meal period, total hours worked in the payroll period, and applicable rates of pay.

As set forth above, Flagship violated these requirements because Flagship failed to accurately record Claimant's and other non-exempt employees' hours worked by failing to record the proper start or end time of each work period and failing to record the total hours worked during the pay period. Claimant will pursue all available remedies for these alleged violations on behalf of herself and all other aggrieved employees of Flagship to the extent allowed by law.

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
(Labor Code sections 226, 226.3, 1198, and the "Records" section of the Applicable IWC Wage Order)

Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate, itemized wage statement in writing with respect to each of its employees showing: "(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, … (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, … (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Labor Code section 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Claimant is entitled to an award of costs and reasonable attorney's fees.  Labor Code section 226.3 imposes an additional civil penalty on the

California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 9



employer of $250.00 per employee per violation of Labor Code section 226(a) in an initial citation and $1,000 per employee for each violation in a subsequent citation.

The "Records" section of the applicable IWC Wage Order states that "[e]very employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; … (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

As set forth above, Flagship failed to provide Claimant and other non-exempt employees with accurate itemized wage statements because the wage statements issued did not include the correct total regular and overtime hours worked, the correct amount of gross and net wages earned, and the correct applicable hourly rates of pay, and corresponding number of hours worked at each hourly rate. Claimant will pursue all available remedies for these alleged violations on behalf of herself and all aggrieved employees of Flagship to the extent allowed by law.

### FAILURE TO TIMELY PAY WAGES DUE DURING AND UPON TERMINATION OF EMPLOYMENT
(Labor Code sections 201, 202, 203, 204, 210, 1194, 1194.2, 1198, and the
"Minimum Wages" section of the Applicable IWC Wage Order)

Labor Code section 204(a) states in pertinent part, "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Furthermore, Labor Code section 204(b)(1) states, "all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period." Labor Code section 210 provides that, "every person who fails to pay the wages of an employee as provided in Section…204…shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

Labor Code section 201 states, in pertinent part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code section 202 states, in pertinent part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

Labor Code section 203(a) states, in pertinent part, "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 10



As set forth above, Flagship violated these Labor Code sections by not paying Claimant and other non-exempt employees all minimum, regular, overtime, and vacation wages owed, as well as meal and rest premium wages owed, within the required time during, and upon separation of, their employment. As a result of Flagship's intentional failure to comply with the aforementioned Labor Code provisions, Flagship owes waiting time penalties to Claimant and other non-exempt employees. Claimant will pursue all available remedies for these alleged violations on behalf of herself and all other aggrieved employees of Flagship to the extent allowed by law.

## FAILURE TO PRODUCE RECORDS
### (Labor Code sections 226(c) and 1198.5)

Labor Code section 226(c) states, an employer who receives a written request to inspect or copy records pertaining to an employee must comply within 21 calendar days from the date of the request. Labor Code section 226(f) provides that a failure by an employer to permit a former employee to inspect or copy records within the 21-day period entitles the employee to recover a $750 penalty from the employer.

Labor Code section 1198.5(a) gives every current and former employee, or his or her representative, the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee. Labor Code section 1198.5(b) provides for access to an employee's personnel file no later than 30 days from the date the employer receives the request. Under Labor Code section 1198.5(k), if an employer fails to permit a current or former employee to inspect or copy his personnel records within the thirty days provided in the statute, the employee may recover a penalty of $750 from the employer.

Claimant sent an employment records request letter via certified mail on December 18, 2017 to the address on file for Flagship. On February 27, 2018, Claimant sent another request for employment records via certified mail to the address on file for Flagship. To date, Claimant still has not received a copy of her personnel records.

As set forth above, Flagship violated these Labor Code sections by not producing records to Claimant and other current and former non-exempt employees. As a result of Flagship's failure to comply with the aforementioned Labor Code provisions, Flagship owes penalties to Claimant and other current and former non-exempt employees. Claimant will pursue all available remedies for these alleged violations on behalf of herself and all other aggrieved employees of Flagship to the extent allowed by law.

## CIVIL PENALTIES FOR VIOLATION OF THE LABOR CODE AND IWC WAGE ORDERS
### (Labor Code sections 558, 558.1, and 1197.1)

Labor Code section 558 subjects any employer or any person acting on behalf of an employer who violates Part 2, Chapter 1, of the Labor Code (Labor Code §§ 500-558.1) or any provision regulating the hours and days of work in any IWC Wage Order to a civil penalty as follows: "[f]or any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. For each subsequent

California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 11



violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages."

Labor Code section 558.1(a) states that "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wage or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation. This includes the owners, officers, directors, or managing agents of the employer.  Labor Code section 558.1(b).

Similarly, Labor Code section 1197.1 subjects any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: "(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

As set forth above, Flagship underpaid Claimant and aggrieved employees and violated the Labor Code and the applicable IWC Wage Order by failing to pay them all regular, minimum, and overtime wages, meal and rest break premium wages, and unreimbursed expenses, as required under Labor Code sections 203, 226, 226.7, 510, 512, 1194, 1197, 1198, 2802, and the applicable sections of the applicable IWC Wage Order. As a result, Flagship is liable for civil penalties under Labor Code sections 558, 558.1, and 1197.1.  Claimant will pursue all available remedies for Flagship's violations on behalf of herself and all other aggrieved employees to the extent allowed by law.

### ATTORNEY'S FEES, COSTS, INTEREST, LIQUIDATED  DAMAGES, AND PENALTIES
(Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*)

Labor Code sections 210, 218.5, 218.6, 225.5, 226(e), 558, 1194, 1194.2, 1197.1, 2802, and 2699, *et seq.*, among others, give employees the right to recover in a civil action the unpaid balance of the full amount of minimum, regular, and overtime wages, meal and rest period premium wages, reimbursements, damages, liquidated damages and penalties, including interest thereon, as well as reasonable attorney's fees and costs.



California Labor and Workforce Development Agency
Flagship Facility Services, Inc.
June 29, 2018
Page 12

       Pursuant to Labor Code section 2699, *et seq.*, an aggrieved employee is entitled to collect 25% of the penalty assessment and 100% of the underpaid wages. Accordingly, Flagship is liable for these items in addition to the unpaid wages and reimbursements. Claimant has already incurred actual damages, costs and attorney's fees and will continue to incur costs as a result of Flagship's unlawful actions. Claimant will pursue all available remedies, including those provided by PAGA, for these violations on behalf of herself and all other aggrieved employees.

**CONCLUSION**

       The facts and claims contained herein are based on the information available at the time of this writing. If, through discovery and/or expert review, Claimant becomes aware of additional claims, additional compensation owed, and/or other violations to her or any other current and former employee of Flagship, she reserves the right to revise these facts and/or add any new claims by amending this claim letter or by adding applicable causes of action in her complaint.

       Sincerely,

       Rita Leong

**From:**      noreply@salesforce.com
**To:**        Deborah Retes
**Subject:**   Thank you for submission of your PAGA Case.
**Date:**      Friday, June 29, 2018 11:59:47 AM

---

6/29/2018

LWDA Case No. LWDA-CM-593922-18

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

UNITED STATES
POSTAL SERVICE.

Date: July 3, 2018

Reference  3470900001 CERON DE OROZCO FLAGSHIP MV:

The following is in response to your July 3, 2018 request for delivery information on your Certified Mail™/RRE item number 9414810898765014184231.  The delivery record shows that this item was delivered on July 2, 2018 at 12:02 pm in THOUSAND OAKS, CA 91362. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

## Certified Mail Electronic Delivery Confirmation™



| Reference | 34709/00001 CERON DE OROZCO FLAGSHIP MV |
|---|---|
| USPS # | 9414810898765014184231 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item was delivered to an individual at the address at 12:02 pm on July 2, 2018 in THOUSAND OAKS, CA 91362. |
| USPS History | In Transit to Next Facility, July 1, 2018 |
| | Arrived at USPS Regional Facility, June 30, 2018, 5:36 am, SANTA CLARITA CA DISTRIBUTION CENTER |
| | Arrived at USPS Regional Origin Facility, June 29, 2018, 8:24 pm, SAN DIEGO CA DISTRIBUTION CENTER |
| | Accepted at USPS Origin Facility, June 29, 2018, 7:09 pm, SAN DIEGO, CA 92103 |
| | Shipping Label Created, USPS Awaiting Item, June 29, 2018, 1:14 pm, SAN DIEGO, CA 92103 |

**Electronic Delivery Confirmation Report © 2018 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2018** Certified Mail Envelopes, Inc. www.Certified-Mail-Labels.com  www.Certified-Mail-Envelopes.com

**Date Verified: 07/03/2018 (UTC)**

EXHIBIT B

## **CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT**

I hereby consent to opt in and serve as the named Plaintiff in the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Collective Action lawsuit entitled *Ceron de Orozco v. Flagship Facility Services, Inc.*, filed against my former employer, to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs, and other relief arising out of my employment with Flagship Facility Services, Inc. ("Defendant"). I understand that this lawsuit will be filed in the Superior Court of California, County of San Diego, on behalf of myself and all other similarly situated non-exempt janitorial employees of Defendant.

I worked for Flagship Facility Services, Inc. from January 1999, until October 2017. During my employment, I was paid on an hourly basis during my entire employment.

I choose to be represented in this matter by the law firm GRAHAM**HOLLIS** APC and other attorneys with whom they may associate.

Name: Marta L Ceron De Orozco
_____

Signature: *Maria*
_____

Date: 8/10/2018
_____

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

      I hereby consent to opt in and serve as the named Plaintiff in the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Collective Action lawsuit entitled *Emma Barcenas v. Flagship Facility Services, Inc.*, filed against my former employer, to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs, and other relief arising out of my employment with Flagship Facility Services, Inc. ("Defendant"). I understand that this lawsuit will be filed in the Southern District of California, on behalf of myself and all other similarly situated nonexempt janitorial employees of Defendant.

      I worked for Flagship Facility Services, Inc. from June 20, 2001, until December 20, 2016. During my employment, I was paid on an hourly basis during my entire employment.

      I choose to be represented in this matter by the law firm GRAHAM**HOLLIS** APC and other attorneys with whom they may associate.

Name:      Emma Barcenas

Signature: *Emma Barcenas*

Date: 12/14/2018