GRAHAMHOLLIS APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
David Lin (SBN 312350)
dlin@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: (619) 692-0800
Facsimile: (619) 692-0822

Attorneys for Plaintiffs MARTA L CERON DE OROZCO AND EMMA BARCENAS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARTA L CERON DE OROZCO and EMMA BARCENAS, individually and on behalf of all similarly situated employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSHIP FACILITY SERVICES, INC.; and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.:   3:18-CV-02397-JLS-JLB<br><br>**DECLARATION OF MARTA L CERON DE OROZCO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Date:     January 30, 2020<br>Time:    1:30 p.m.<br>Dept:     4D<br>Judge:    Hon. Janis L. Sammartino |
|---|---|

I, Marta L. Ceron De Orozco, declare as follows:

1. I am over eighteen years of age and am a resident of San Diego, California. I am one of the Plaintiffs in the above-captioned action.

2. I make this declaration based upon my personal knowledge. I could and would competently testify as to the facts set forth herein if called upon to do so.

3. I was employed by Flagship Facility Services ("Flagship") in San Diego, California from January 1999 until October 2017.

4. I worked as a Janitor and I was classified as a non-exempt hourly employee. My duties as a Janitor included, but were not limited to, cleaning, dusting, mopping, and changing out trash bags in

1
**DECLARATION OF MARTA L CERON DE OROZCO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

trash cans.

5. Flagship failed to notify me and other non-exempt employees of our right to take uninterrupted meal and rest breaks. Flagship required and expected me and other non-exempt employees to remain on duty at all times during our shifts because we were required to monitor and respond to calls from supervisors during our meal and rest breaks and were not allowed to leave the premises during our rest breaks. Accordingly, I and other non-exempt employees took on-duty meal and rest breaks and meal and rest breaks that were late, short, interrupted, or not taken at all.

6. In addition, Flagship failed to pay me and other non-exempt employees for all hours worked, including overtime because I and other non-exempt employees were required to clock out for a thirty-minute meal break while remaining on-duty to monitor our personal cell phones, without compensation.

7. Flagship also failed to pay me and other non-exempt employees for earned vacation wages upon termination. For example, under Flagship's policies, because I had been employed for more than fifteen years, I should have accrued 20 working days of vacation wages that should have been paid to me upon my termination. However, my final paycheck only included an amount for 72.5 hours of vacation wages, which was substantially less than 20 working days.

8. I believe that Flagship did not provide me and other non-exempt employees with accurate itemized wage statements because the off-the-clock work that we performed was not properly reflected in our wage statements and because our wage statements did not accurately reflect our accrued vacation time.

9. Flagship also required me and other non-exempt employees to use personal cell phones in the discharge of our duties of employment, in order to communicate our supervisors about our duties and assignments. However, we were not sufficiently reimbursed for cell phone expenses.

10. I experienced the same labor code violations as other non-exempt employees due to Flagship's uniform practices, which I understand to apply to all of Flagship's California locations.

11. I first consulted with my attorneys on or around November 9, 2017 about the various violations of wage and hour laws that I endured, and after much thought I decided I would move forward with a class action rather than simply seek resolution of my individual claims. I knew that this course might be lengthy and that if I simply chose to file a claim with the Labor Commissioner, I probably would

2
**DECLARATION OF MARTA L CERON DE OROZCO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

have been able to resolve the claim much faster. However, I wanted to help my fellow coworkers recover their missing wages as well.

12. I understood that there were risks due to my involvement as a named plaintiff in a class action lawsuit against a large corporation. For instance, if I lost, I might have to face a judgment for some of Flagship's legal costs. I knew that my name might be found by anyone including future prospective employers just by performing a Google search. Even with understanding all these risks I was willing to move forward and bring this case on behalf of the other employees that I believed were not paid all of their wages. I was not afraid to stand up for what I believed was right but I was still nervous about the possible negative consequences.

13. I authorized the filing of the class action and representative action lawsuit against Flagship on August 13, 2018 in San Diego County Superior Court. Since that time, I have served as one of the named plaintiffs in the case.

14. I understood that as one of the named Plaintiffs, I would be required to do a lot of work and I was willing to perform that work in order to assist my attorneys in bringing this lawsuit.

15. Since I first spoke to my attorneys, I have kept in regular contact with them so that I could stay informed about the status of the case and provide them information that they needed.

16. I spent many hours being interviewed by my attorneys regarding the various aspects of my work for Flagship. I assisted them in formulating questions to ask Flagship and helped identify documents that my attorneys should request from Flagship. After my attorneys obtained documents from Flagship, I worked with them to explain the various terminology and to better understand the policies and practices of Flagship both as written and in practice. I also provided my attorneys with the names of people whom they could interview to get more information.

17. Flagship deposed me on March 22, 2019. I spent the entire day from roughly 9 a.m. to 4 p.m. on the record answering questions posed by Flagship's attorneys. I was not available to work or do anything else during that time.

18. Prior to my deposition, I spent approximately two hours with my attorneys reviewing my records in preparation for the deposition.

19. In August of this year a mediation took place in Oakland at the office of a mediator. I

spent time with my attorneys answering questions and helping them to calculate the amount of wages that were not paid in order to be prepared for the mediation. At the mediation I was available over the phone to respond to questions from my attorneys and the mediator.

20. The mediation was successful and I believe the amount being paid is a fair resolution of the case especially as I understood the time and risks involved if we had to proceed to trial.

21. As part of the settlement I was told that I would have to agree to provide Flagship with a complete release of every possible claim against them rather than simply the release for wage and hour claims alleged in the complaint. I agreed to this additional release if it meant that the case could be resolved favorably. I estimate that I have spent approximately 30-40 hours assisting my attorneys in this case since I retained them in 2017.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed this __ day of September, 2019, at _____, California.

GRAHAM**HOLLIS** APC

By: _____
MARTA L CERON DE OROZCO

GRAHAMHOLLIS APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
David Lin (SBN 312350)
dlin@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: (619) 692-0800
Facsimile: ( 619) 692-0822

Attorneys for Plaintiffs MARTA L. CERON DE OROZCO AND EMMA BARCENAS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA L. CERON DE OROZCO and EMMA BARCENAS, individually and on behalf of all similarly situated employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>FLAGSHIP FACILITY SERVICES, INC.; and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.:   3:18-CV-02397-JLS-JLB<br><br>**DECLARATION OF MARTA L. CERON DE OROZCO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br>Date:   January 30, 2020<br>Time:   1:30 p.m.<br>Dept:   4D<br>Judge:   Hon. Janis L. Sammartino |

Yo, Marta L. Ceron De Orozco, declaro lo siguiente:

    1.    Soy mayor de 18 años de edad y soy residente de San Diego, California. Yo soy una de las demandantes en la acción mencionada anteriormente.

    2.    Yo hago esta declaración basada en mi conocimiento personal. Yo podría testificar de acuerdo con los hechos y lo haría de manera competente si soy llamada como testigo.

    3.    Yo estaba empleada por Flagship Facility Services ("Flagship") en San Diego, California desde enero 1999 hasta octubre 2017.

    4.    Yo trabajé como Portera y fui clasificada como empleada por hora no exento. Mis deberes como Portera incluían, pero no eran limitados a, limpiar, desempolvar, trapear, y cambiar las bolsas de

1
**DECLARATION OF MARTA L. CERON DE OROZCO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

basura en los botes de basura.

5. Flagship fallo en notificarme a mí y a otros empleados no-exentos de nuestros derechos a tomar periodos de comida y descanso ininterrumpidos. Flagship obligaba y esperaba que yo y otros empleados no exentos permaneciéramos en servicio en todo momento durante nuestros turnos porque estábamos obligados a monitorear y responder a llamadas de nuestros supervisores durante nuestros periodos de comida y descanso y no nos permitían salir de las premisas durante nuestros periodos de descanso. En consecuencia, yo y otros empleados no exentos tomamos periodos de comida y descanso de turno y periodos de comer y descanso que fueron tarde, cortos, interrumpidos, o no tomados en absoluto.

6. Adicionalmente, Flagship fallo en pagarme a mí y a otros empleados no-exentos por todas las horas trabajadas, incluyendo horas extras porque nosotros fuimos obligados a ponchar por un periodo de comida de treinta minutos mientras permanecíamos de turno para monitorear nuestros teléfonos celulares personales, sin compensación.

7. Flagship también fallo en pagarme a mí y a otros empleados no-exentos los salarios de vacaciones ganados cuando nos terminaron. Por ejemplo, bajo las pólizas de Flagship, porque yo estaba empleada por más de quince años, yo debería haber acumulado 20 días de trabajo de salarios de vacaciones que me deberían haber pagado cuando me terminaron. Sin embargo, mi ultimo cheque de pago solo incluía 72.5 horas de salarios de vacaciones, que era mucho menos de los 20 días de trabajo.

8. Yo creo que Flagship no me proporciono a mí y a otros empleados no-exentos con recibos de nóminas detalladas y precisas porque las horas fuera del reloj que trabajamos no estaban reflejados en nuestros recibos de nóminas y porque nuestros recibos de nóminas no reflejaban nuestras horas de vacaciones acumuladas.

9. Flagship también nos obligaba a mí y a otros empleados no-exentos a usar nuestros teléfonos celulares personales en el desempeño de nuestros deberes para comunicarnos con nuestros supervisores acerca de nuestros deberes y tareas. Sin embargo, nosotros no fuimos suficientemente reembolsados por nuestros gastos de teléfono celular.

10. Yo sufrí las mismas violaciones del código laboral como otros empleados no-exentos debido a las practicas uniformes de Flagship, que entiendo aplicaron a todas las ubicaciones de Flagship en California.

GrahamHollis APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

2
DECLARATION OF MARTA L. CERON DE OROZCO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

11. Yo primero consulté con mis abogados en o alrededor de noviembre 9 del 2017 acerca de las varias violaciones de leyes de salario y hora que soporte, y después de mucho pensamiento decidí proseguir con una demanda de acción de clase en lugar de simplemente buscar resolución de mis reclamos individuales. Yo sabía que este curso podría ser largo y si simplemente elegia presentar una reclamación con el Comisario Laboral, probablemente podría haber resorbido este reclamo más rápido. Sin embargo, también quería ayudar a mis compañeros de trabajo a recuperar sus salarios perdidos.

12. Yo entendí que había riesgos debido a mi participación como una demandante nombrada en una demanda judicial de acción de clase contra una gran corporación. Por ejemplo, si perdiera, podría tener que enfrentar un juicio por algunos de los costos legales de Flagship. Yo sabía que mi nombre podría ser encontrado por cualquiera incluyendo empleadores en el futuro solo ejecutando una búsqueda en Google. A pesar de tomar en cuenta todos estos riesgos yo estaba despuesta a seguir avanzando y traer este caso a nombre de los otros empleados que yo creía no se les pago todos sus salarios. Yo no tenía miedo defender lo que creía que era correcto, pero aún estaba nerviosa por las posibilidades consecuencias negativas.

13. Yo autoricé la presentación de las demandas judiciales de clase de acción y representantes contra Flagship en agosto 13, 2018 en la Corte Superior del Condado de San Diego. Desde ese tiempo, he servido como una de las demandantes nombradas en este caso.

14. Yo entendí que, como una de las demandantes nombradas, se me exigiría un montón de trabajo y estaba dispuesta a realizar ese trabajo para ayudar a mis abogados a traer esta demanda judicial.

15. Desde que yo hablé por primera vez con mis abogados, yo me he mantenido en contacto regular con ellos para poder mantenerme informada sobre el estado del caso y darles la información que ellos necesitaban.

16. Yo pase muchas horas siendo entrevistada por mis abogados con respecto a los varios aspectos de mi trabajo con Flagship. Yo trabaje con ellos ayudándoles en formular preguntas para preguntarles a Flagship y les ayude a identificar cuales documentos pedir a Flagship. Después de que mis abogados obtuvieron documentos de Flagship, yo trabaje con ellos para explicar las varias terminologías y para entender mejor las pólizas y prácticas de Flagship ambos como son escritas y en la práctica. Yo también les di a mis abogados los nombres de personas quiénes podrían entrevistar para obtener más

3

DECLARATION OF MARTA L. CERON DE OROZCO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

información.

17. Flagship me depuso el 22 de marzo de 2019. Yo pase todo el día de 9:00 a.m. a 4:00 p.m. siendo grabada y respondiendo preguntas de los abogados de Flagship. Yo no pude estar disponible para trabajar o hacer cualquier otra cosa durante ese tiempo.

18. Antes de mi deposición, yo pase aproximadamente dos horas con mis abogados revisando mis archivos en preparación para mi deposición.

19. En agosto de este año sucedió una mediación en Oakland en la oficina de un mediador. Yo pase tiempo con mis abogados respondiendo preguntas y ayudándoles a calcular la cantidad de salarios que no fueron pagados para estar preparados para la mediación. En la mediación yo estaba disponible por teléfono para contestar cualquier pregunta de mis abogados o del mediador.

20. La mediación fue exitosa y yo creo que la cantidad que se está pagando es una resolución justa del caso especialmente como entendí el tiempo y los riesgos involucrados si nosotros teníamos que seguir a juicio.

21. Me dijeron que, como parte del acuerdo, yo tendría que estar de acuerdo de entregar a Flagship una liberación completa de cualquier reclamo posible contra ellos en lugar de simplemente la liberación de los reclamos de salario y hora alegados en la denuncia. Yo acepte esta liberación adicional si significaba que el caso se podría resolverse favorablemente. Yo he estimado que he pasado aproximadamente 30 a 40 horas ayudando a mis abogados en este caso desde que los he retenido en el 2017.

Yo declaro bajo penalidad de perjurio bajo las leyes del estado de California y los Estados Unidos que lo precedente es verdadero y correcto. Ejecutado este 18 día de noviembre, 2019, en SAN DIEGO California.

GRAHAM**HOLLIS** APC

By: _____
MARTA L. CERON DE OROZCO

# CERTIFICATE OF TRANSLATION

I, Oswaldo Calvachi, am competent to translate from Spanish into English, and certify that the translation of DECLARATION OF MARTA L CERON DE OROZCO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT is true and accurate to the best of my abilities.

_____          Oswaldo Calvachi
Signature of Translator                  _____
                                         Name of Translator

3555 Fifth Avenue, Suite 200, San Diego, CA 92103
_____
Address of Translator

619-906-4014
_____
Telephone Number of Translator