UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTA L. CERON DE OROZCO and EMMA BARCENAS, individually and on behalf of all similarly situated employees of Defendants in the State of California, <br><br> Plaintiffs, <br><br> v. <br><br> FLAGSHIP FACILITY SERVICES, INC.; and DOES 1 THROUGH 50, inclusive, <br><br> Defendants. | Case No.:  18-CV-2397 JLS (JLB) <br><br> **ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASS, (3) APPROVING NOTICE AND NOTICE PLAN, (4) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVE, (5) APPOINTING SETTLEMENT ADMINISTRATOR, AND (6) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS** <br><br> (ECF No. 40) |

Presently before the Court is Plaintiffs Marta L. Ceron De Orozco and Emma Barcenas' Unopposed Motion for (1) Preliminary Approval of Class Action Settlement, (2) Provisional Certification of the Settlement Class, (3) Approval of the Class Notice and Notice Plan, (4) Appointment of Class Counsel and Class Representative, (5) Appointment of Settlement Administrator, and (6) Setting a Final Approval Hearing ("Mot.," ECF No. 40).  The Court vacated the hearing and took the matter under submission without oral

argument pursuant to Civil Local Rule 7.1(d)(1).  *See* ECF No. 43.  Having reviewed the terms of the Proposed Settlement Agreement, Plaintiffs' arguments, and the law, the Court preliminarily concludes that the settlement falls within the range of reasonableness warranting preliminary approval, *i.e.*, that the settlement appears fundamentally fair, reasonable, and adequate.  Accordingly, the Court **GRANTS** the Motion.

## GENERAL BACKGROUND

This case began on August 13, 2018, when Plaintiff Marta L. Ceron de Orozco filed a putative class action against Defendant Flagship Facility Services, Inc. ("Flagship") in the Superior Court of California for the County of San Diego.  Declaration of Graham S.P. Hollis ("Hollis Decl., ECF No. 40-2") ¶ 13.  On October 18, 2018, Defendant removed Ceron's First Amended Complaint to the United States District Court for the Southern District of California.  *See* ECF No. 1.  On January 9, 2019, Ceron filled a Second Amended Complaint, adding Emma Barcenas as a Plaintiff.  *See* ECF No. 23.

Ceron and Barcenas are both former non-exempt employees of Defendant.  *See* Mot. at 2.  Ceron worked for Defendant as a janitor in San Diego, California, from January 1999 to October 2017.  *Id.*  Barcenas worked for Defendant as a janitor at the San Diego International Airport from June 20, 2001 to December 20, 2016.  *Id.*  Plaintiffs allege that Defendant (1) failed to provide off-duty meal and rest breaks, (2) failed to pay for all wages for off-the-clock work, (3) failed to reimburse for necessary business expenses, and (4) incurred waiting time and Private Attorneys General Act ("PAGA") Penalties.  *See* Mot. at 2–3.  In response, Defendant firmly denies all of Plaintiffs' claims.  *Id.* at 3.

The Parties began discovery on November 19, 2018, beginning with initial disclosures, interrogatories, and document requests.  Mot. at 4.  In addition to written discovery, the Parties also conducted depositions and litigated several discovery disputes before Magistrate Judge Jill L. Burkhardt.  *Id.* at 5.

After conducting extensive discovery, the Parties agreed to settlement negotiations. *Id.* at 6.  On August 6, 2019, the Parties participated in a private mediation with mediator Tripper Ortman that resulted in a settlement agreement.  *Id.*  The resulting Joint Stipulation

of Class Action and PAGA Representative Action Settlement and Release ("Proposed Settlement") is now before the Court. *See generally* Mot. Ex. 1. ("Proposed Settlement," ECF No. 40 at 30–56[1]).

## SETTLEMENT TERMS

The Parties have submitted a comprehensive Joint Stipulation of Class Action and PAGA Representative Action Settlement and Release with approximately twenty-six pages of substantive terms, *see generally* Proposed Settlement, as well as a Proposed Notice, *see generally* Mot. Ex. 1A ("Proposed Notice," ECF No. 40 at 58–69), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") Collective Action Member Consent to Join. *See generally* Mot. Ex. 1B ("FLSA Opt In," ECF No. 40 at 71–72).

## I. Proposed Settlement Class

The Proposed Settlement Class (the "Non-Exempt Class") includes "all current and former non-exempt janitorial employees who worked for Defendant in California at any time from August 13, 2014 through the date of Preliminary Approval of the Settlement." Proposed Settlement ¶ 1.22. According to the Parties' investigation and available data, the Non-Exempt Class constitutes 6,150 Class Members. Mot at 12.

The Proposed Settlement Subclass (the "Waiting Time Penalties Subclass") includes "all members of the Non-Exempt Class who separated from their employment with Defendant at any time from August 13, 2015 through the date of the Preliminary Approval of the Settlement." Proposed Settlement at ¶ 1.39.

## II. Proposed Monetary Relief

The Proposed Settlement Agreement provides for a $2,000,000 Maximum Settlement Amount, Proposed Settlement ¶ 1.20, used to pay "[$600,000 in] Class Counsel's fees and [$35,000 in] costs, [$20,000 for] the Class Representative Service Awards, [$39,000 for] the Settlement Administration Costs, and [$15,000 for] [the

---

[1] Because both the Proposed Settlement and Proposed Notice are filed as part of ECF No. 40, the Court identifies the documents using the CM/EF pagination.

California Labor & Workforce Development Agency ("LWDA")]'s portion of the PAGA Payment," Mot. at 7, with the remaining Net Settlement of $1,291,000 to be "distributed to the Class Members." *Id.*

Each Class Member will receive a portion of the Net Settlement "calculated based on the number of workweeks worked during the class period." *Id.* at 8. First, the Settlement Administrator will determine the number of workweeks the Class Member worked during the class period. *Id.* Then, if the Class Member also is a member of the Waiting Time Penalties Subclass, he or she will be allocated an additional six workweeks. *Id.* Finally, each Class Member's individual payment will be allocated based on the his or her percentage of qualifying workweeks over the total number of qualifying workweeks for all Class Members. *Id.* Consequently, although payments will vary, "if all Class Members participate . . . [the] average individual payment to each Class Member will be approximately $209.91 [$1,291,000 / 6,150] and the average payment per workweek will be at least $3.22 [$1,291,000 / 400,000]." *Id.*

The Parties also have set aside 5% of the Net Settlement for the settlement of Class Members' FLSA claims. *Id.* Class Members will need to submit an opt-in form in a timely manner to be eligible for their FLSA Settlement Payment. *Id.* Once a Class Member timely submits their FLSA Opt-In Form, he or she is "entitled to a pro-rata share of the FLSA Settlement Fund based on the ratio of the [individual's] total number of Qualifying Workweeks. . . to the total number of Qualifying Workweeks that all participating Class Members worked during the Class Period." *Id.*

In exchange, the Class Members will release "any and all claims alleged in the Second Amended Complaint" which includes claims for

> (a) Failure to provide meal periods, or premium pay; (b) Failure to provide rest periods, or premium pay; (c) Failure to pay all minimum and regular wages; (d) Failure to pay all overtime wages; (e) Failure to pay accrued vacation wages; (f) Failure to indemnify necessary business expenses; (g) Failure to timely pay all wages due during, and upon separation of, employment; (h) Failure to provide accurate itemized wage statements;

> (i) Failure to maintain accurate records; (j) Violation of Cal. Business and Professions Code §§ 17200, et seq., arising from the claims that are alleged in the Second Amended Complaint; (k) All statutory and civil penalties arising from the claims alleged in the Second Amended Complaint; and (l) Related damages, restitution, disgorgement, interest, attorneys' fees, costs, or expenses relating to any such claims.

*Id.* at 9. Further, any Class Members who opt-in to the FLSA Fund "will fully and forever release and discharge Released Parties from . . . all claims made under the [FLSA] and any alleged federal wage and hour violations/ allegations that were made or could have been made based on the actual claims asserted or factual allegations in the Action." *Id.*

None of the Maximum Settlement Amount will revert to Defendant. *Id.* To the extent that any funds remain after distribution to the Class Members, that amount "will be donated to Legal Aid at Work, a California non-profit agency [that] provides free legal services on employment issues to low-income workers." *Id.* at 9–10.

## RULE 23 SETTLEMENT CLASS CERTIFICATION

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" to protect absentees).

Class actions are governed by Federal Rule of Civil Procedure 23. To certify a class, each of the four requirements of Rule 23(a) must first be met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) allows a class to be certified only if:

> (1)    the class is so numerous that joinder of all members is impracticable;

> (2)    there are questions of law or fact common to the class;

> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     The representative parties will fairly and adequately
        protect the interests of the class.

In addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b).  *Zinser*, 253 F.3d at 1186.  Here, Plaintiffs seek to certify the Settlement Class under subdivision Rule 23(b)(3), *see* Mot. at 13–15, which permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The Court addresses each of these requirements in turn.

# I.     Rule 23(a) Requirements

## A.     Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable."  "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer."  *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

Here, the proposed Settlement Class consists of 6,150 Class Members.  Mot. at 12. Accordingly, joinder of all members would be impracticable for purposes of Rule 23(a)(1), and the numerosity requirement is therefore satisfied.  *Jordan v. L.A. Cty.*, 669 F.2d 1311, 1320 n.10 (9th Cir.) (collecting "[c]lasses with fewer known class members [that] have been certified"), *cert. granted & judgment vacated*, 459 U.S. 810 (1982), *aff'd*, 713 F.2d 503 (9th Cir. 1983).

## B.     Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that there be "questions of law or fact common to the class."  Commonality requires that "the class members 'have suffered the same injury.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).  "The existence of shared legal

issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the Parties have defined the Settlement Class to encompass all non-exempt janitorial employees who worked for Defendant in California at any time from August 13, 2014 through the date of Preliminary Approval of the Settlement. *See* Mot at 12; Proposed Settlement at 33. Common questions thus revolve around the legality of Defendant's workplace policies—including the Flagship Mobile Phone Policy and the Unpaid Meal Periods and Rest Break Policy—as applied to these non-exempt janitorial employees. *See* Mot at 12. Because the policies apply to all Class Members, all Class Members have suffered a common injury. Accordingly, it is appropriate for these issues to be adjudicated on a class-wide basis, and Rule 23(a)(2) is satisfied. *See McCowen v. Trimac Transp. Servs. (W.), Inc.*, 311 F.R.D. 579, 584–586 (N.D. Cal 2015) (finding commonality satisfied where the common question was whether the defendant failed to provide meal and rest breaks).

## C. Typicality

To satisfy Federal Rule of Civil Procedure 23(a)(3), the named plaintiffs' claims must be typical of those of the class. The typicality requirement is "permissive" and requires only that the named plaintiffs' claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (citation omitted).

Here, both Ceron and Barcenas are former janitorial employees whose claims arise out of the same underlying policies and practices of Defendant as the claims pertaining to

the entire proposed Settlement Class.  *See* Mot. at 13.  As with the Settlement Class Members, Plaintiffs were subject to Defendant's alleged "unlawful wage and hour practices."  *Id.*  Further, the Parties have identified no defenses unique to either Ceron or Barcenas.  Accordingly, Plaintiffs' claims are typical of the claims of proposed Class Members, thus satisfying Rule 23(a)(3).  *See Kayes v. Pac. Lumber Co.*, 51 F3d 1449, 1463 (9th Cir. 1995) (typicality is satisfied where named plaintiffs have the same claims as other class members and are not subject to unique defenses).

### D.   *Adequacy*

Federal Rule of Civil Procedure 23(a)(4) requires that the named representatives fairly and adequately protect the interests of the class.  "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them."  *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)).  To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Id.*

Here, there is no reason to believe that the Class Representative or Class Counsel have any conflict of interest with the proposed Settlement Class Members.  There also is no reason to believe that the Class Representatives or Class Counsel have failed vigorously to investigate and litigate this case to this point.  Plaintiffs have retained competent counsel, who have "conducted extensive investigation of Plaintiffs' claims."  Mot. at 1, 14.  Furthermore, Class Counsel has significant employment and class action litigation experience.  *Id.* 14; *see also* Hollis Decl. Ex. 2, ECF No. 40-2 at 74–82.  Accordingly, the Class Representatives and Class Counsel adequately represent the proposed Settlement Class Members, and Rule 23(a)(4)'s adequacy requirement is met.

## II.   Rule 23(b)(3) Requirements

Federal Rule of Civil Procedure 23(b)(3) permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual

class members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### A.   Predominance

"The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623.  "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Here, the Plaintiffs allege several common questions of law and fact.  *See* Mot. at 14.  The common issues between all Class Members include whether Defendant's policies required non-exempt janitors to monitor their phones or radios during unpaid breaks and whether Defendant's written policies regarding said breaks were illegal.  *See Id.*  Both Ceron and Barcenas and the Class Members share several common questions of fact and law that are central to Plaintiffs' alleged injuries and that predominate over individualized issues.  *Id.*  Accordingly, the predominance requirement of Rule 23(b)(3) is satisfied.  *See McCowen v. Trimac Transp. Servs. (W.), Inc.*, 311 F.R.D. at 597 (finding predominance satisfied where "class-wide issues predominate over individualized issues").

### B.   Superiority

The final requirement for certification pursuant to Federal Rule of Civil Procedure 23(b)(3) is "that a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy."  The superiority inquiry requires the Court to consider the four factors listed in Rule 23(b)(3):

> (A)   the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)   the likely difficulties in managing a class action.

*See also Zinser*, 253 F.3d at 1190.  A court need not consider the fourth factor, however, when certification is solely for the purpose of settlement.  *See True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1066 n.12 (C.D. Cal. 2010); *see also Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.").  The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'" *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Practice & Proc.* § 1780, at 562 (2d ed. 1986)).  A district court has "broad discretion" in determining whether class treatment is superior.  *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, the Class Members' claims involve the same issues arising from the same facts.  If the Settlement Class Members' claims were treated on an individual basis, more than six thousand cases would follow a similar trajectory, and each would come to a similar result.  *See* Mot. at 15.  Furthermore, the individual cases would consume a significant amount of the Court's and the Parties' resources.  It also is likely that the Settlement Class Members would not pursue litigation on an individual basis due to the high cost of pursuing their individual claims.  *Id.*  The interests of the Settlement Class Members in individually controlling the litigation are minimal, especially given the same broad-based policies and practices at issue.

There are, however, two related cases pending in Santa Clara Superior Court: *Rivera v. Flagship Facility Services, Inc.*, Case No. 18CV329704, filed June 8, 2018, and *Gonzalez v. Flagship Facility Services, Inc.*, Case No. 17CV316313, filed September 26, 2017.  *See* Mot. at 15.  Currently, *Rivera*'s discovery is on hold pending the outcome of this Settlement, while Plaintiffs' counsel suggests that the current Settlement Agreement "will narrow the scope of the issues in *Gonzalez*."  *Id.* at 15–16.  Accordingly, it appears that neither of the Santa Clara proceedings will affect the Proposed Settlement.  *Id.* at 15.

Having weighed the relevant factors, the Court concludes that class treatment is the superior method of adjudicating this controversy and that the superiority requirement of Rule 23(b)(3) is met.

## III.   Conclusion

For the reasons stated above, the Court finds certification of the Settlement Class proper under Rules 23(a) and (b)(3).   Accordingly, the proposed Settlement Class is **CERTIFIED** for settlement purposes only.

### RULE 23 PRELIMINARY FAIRNESS DETERMINATION

Having certified the proposed Settlement Class, the Court must next make a preliminary determination as to whether the Proposed Settlement Agreement is "fair, reasonable, and adequate" pursuant to Federal Rule of Civil Procedure 23(e)(1)(C). Factors relevant to this determination include:

> The strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026.   "Where a settlement is the product of arms-length negotiations conducted by capable and experienced counsel, the court begins its analysis with a presumption that the settlement is fair and reasonable."   *Garner v. State Farm Mut. Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *13 (N.D. Cal. Apr. 22, 2010) (quoting *Brown v. Hain Celestial Grp., Inc.*, No. 3:11-CV-03082-LB, 2016 WL 631880, at *5 (N.D. Cal. Feb. 17, 2016)).   "Additionally, there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."   *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citing *Class Pls. v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

/ / /

/ / /

## I.      Strength of Plaintiffs' Case

To succeed on the merits, Plaintiffs would have to prove that Defendant maintained a policy and/or perpetuated a practice of requiring non-exempt janitorial employees to monitor their phones and/or radios during meal and rest breaks, resulting in the Defendant's failure to provide legally required meal and rest breaks despite time records showing full off-the-clock meal periods.  Mot. at 16.   Plaintiff's recognize the difficulties involved in proving off-the-clock work as well as "maintaining class certification, proving liability, and proving damages as to all claims."  Hollis Decl. ¶ 47.  Defendant steadfastly denies any wrongdoing and maintains it "provided all legally required, uninterrupted meal and rest breaks" and "prohibit[ed] off-the-clock work." Mot. at 16.  Given this juxtaposition, the Court finds that this factor weighs in favor of finding the Proposed Settlement fair, reasonable, and adequate.

## II.      Risk, Exposure, Complexity, and Likely Duration of Further Litigation

Were the case to proceed to further litigation, the Parties would each bear substantial risk and a strong likelihood of protracted and contentious litigation.  Although the Parties have agreed to settle this action, they fundamentally disagree regarding the validity of Plaintiffs' claims.  *See* Mot. at 17.  The Parties have yet to engage in substantial motion practice, including for class certification.  *See generally* Mot.  Without this Settlement, the Parties anticipate several years of litigation.  *See* Mot. at 1.  Accordingly, this factor weighs in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

## III.   Risk of Maintaining the Class Action Throughout Trial

Defendant "hotly dispute[s]" whether the classes can be validly certified in the absence of the Proposed Settlement Agreement.  *See* Mot. at 18.   Implicit in this disagreement is the likelihood of initial challenges to class certification and the potential for decertification motions even if class certification were granted.  Weighed against the fact that Defendant does not object to a finding that the class certification requirements are met for purposes of the Proposed Settlement Agreement, this factor weighs in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

## IV. Amount Offered in Settlement

Defendant has offered to pay a $2,000,000 Maximum Settlement Amount.  Proposed Settlement ¶ 1.20.  Less the Attorneys' Fees and Expenses, Administrative Expenses, Class Representative Service Awards, and LWDA's portion of the PAGA Payment, the Net Settlement Proceeds—currently estimated to be $1,291,000—are to be allocated and distributed based on the number of weeks each Class Member worked during the class period and whether or not the Class Member is a member of the Waiting Time Penalties Subclass.  *See* Mot. at 7.  A straight allocation for each of the estimated 6,150 Class Members would result in a distribution of $209.91 each.  *Id.* at 18.  Although Plaintiffs' counsel notes that this amount "represents a significant discount" on Plaintiffs' estimated $147 million exposure, Plaintiff also reports that the reduction "represents an extremely reasonable compromise" in light of the substantial risks of further litigation.  *Id.*  These risks include obtaining class certification and establishing the Defendant's liability on all claims.  *Id.* at 18–19.  Given the risks of litigation, the Court determines that the amount offered in the Proposed Settlement Agreement is fair and reasonable and that this factor weighs in favor of the settlement.

## V. Extent of Discovery Completed and Stage of Proceedings

This action was originally filed in the Superior Court for the County of San Diego on August 13, 2018.  Hollis Decl. ¶ 13.  Both Parties have sought extensive discovery from one another, including requests for production of documents, special interrogatories, and depositions.  *See* Mot. at 19.  Through this extensive discovery, "Class Counsel was able to prepare a detailed analysis of the maximum liability exposure for Defendant if Plaintiffs succeeded at trial." *Id.*  Accordingly, it appears the Parties have entered into the Proposed Settlement Agreement with a strong working knowledge of the relevant facts, law, and strengths and weaknesses of their claims and defenses.  Therefore, this factor weights in favor of the Proposed Settlement Agreement being fair, reasonable, and adequate.

/ / /

/ / /

18-CV-2397 JLS (JLB)

## VI.   Experience and Views of Counsel

The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."   *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). Plaintiffs' Counsel "have extensive experience in complex California wage and hour litigation" and employment and class action lawsuits.   *Id.* at 20; *See generally* Ex. 2.  Both Parties' counsel recommend the Settlement as "fair, reasonable and adequate."  Mot. at 20; Proposed Settlement ¶ 3.5–3.6.  Because the presumption of reasonableness is warranted under these circumstances, the Court concludes that this factor weighs in favor of finding the Proposed Settlement Agreement fair, reasonable, and adequate.

## VII.   Presence of Governmental Participant.

The Proposed Settlement Agreement will result in $20,000 in PAGA penalties, $15,000 of which will be paid to LWDA.  Mot. at 7, 20.  This factor therefore weighs in favor of approval.  *See Adoma v. Univ. of Phoenix*, Inc., 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) (weighing PAGA penalties in favor of settlement approval); *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2012); *see also Dawson v. Hitco Carbon Composites, Inc.*, No. CV167337PSGFFMX, 2019 WL 6138467, at *11 (C.D. Cal. July 9, 2019) (approving settlement where the "PAGA allocation represents 0.7 percent of the $1,100,000 gross settlement amount, which falls within the zero to two percent range for PAGA claims approved by courts") (collecting cases); *McKenzie v. Fed. Exp. Corp.*, No. CV 10-02420 GAF PLAX, 2012 WL 2930201, at *6 (C.D. Cal. July 2, 2012) ("California's LWDA is a government entity affected by this action.").

## VIII.   Attorneys' Fees Provision

In the Ninth Circuit, a district court has discretion to apply either a lodestar method or a percentage-of-the-fund method in calculating a class fee award in a common fund case. *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002).  When applying the percentage-of-the-fund method, an attorneys' fees award of "twenty-five percent is the 'benchmark' that district courts should award."  *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (citing *Six Mexican Workers v. Ariz. Citrus Growers*, 904

14

F.2d 1301, 1311 (9th Cir. 1990)); *Fischel*, 307 F.3d at 1006.  A district court, however, "may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 379 (citing *Six Mexican Workers*, 904 F.2d at 1311).  "Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at 1007.

Here, Class Counsel requests that the Court approve attorney fees not to exceed 30%, or $600,000, of the Gross Settlement Fund and Class Counsel Costs of $35,000.  *See* Mot. at 22–24.  At this point, without Class Counsel's briefing, the Court finds no reason to award fees that exceed the Ninth Circuit's 25% benchmark.  Class Counsel will need to show what special circumstances exist warranting a higher percentage in their motion for attorney's fees.

## IX.   Class Representative Service Award Provision

The Ninth Circuit recognizes that named plaintiffs in class action litigation are eligible for reasonable incentive payments.  *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  The district court must evaluate each incentive award individually, using "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.* (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

Here, the Parties have agreed to a maximum Named Plaintiff Service Award of $10,000 for each Named Plaintiff, $20,000 in total.  *See* Proposed Settlement ¶ 4.5.  Both Ceron and Barcenas worked closely with Class Counsel to protect the interests of the Class Members.  Hollis Decl. ¶ 79.  Plaintiffs base their requested awards on Ceron and Barcenas' assistance throughout the course of litigation.  *Id.*  Ceron and Barcenas each spent between 30 and 40 hours on this litigation "answering questions from counsel, answering discovery, looking and providing documents, attending depositions, attending mediations and

/ / /

18-CV-2397 JLS (JLB)

reviewing settlement documents."  See Mot. at 22; Declaration of Ceron ("Ceron Decl.," ECF No. 40-3) ¶ 21; Declaration of Barcenas ("Barcenas Decl.," ECF No. 40-4) ¶ 23.

The Named Plaintiffs' requested Service Awards equate one percent of the Maximum Settlement Amount, while the Parties estimate that the average individual payment to each Class Member will be approximately $209.91.  Mot at 8.  On the current record, the Court finds the requested award of $20,000 in total, or $10,000 for each Named Plaintiff, unreasonable in light of the time expended and the average payment each of the Class Members will receive.  *See Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, 10 (E.D. Cal. 2010) (finding a service award of $12,500 unreasonable where class members would receive an average payment of $749.60); *see also Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (collecting cases where incentive awards were under 1% of the settlement) (citing *Sandoval*, 2010 WL 2486346 at *10).  Consequently, at this time, the Court determines that a Named Plaintiff Service Award of $5,000 for each Plaintiff, or $10,000 in total, is reasonable.  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (authorizing an incentive payment of $5,000 each for two class representatives in a $1.725 million settlement with 5,400 class members); *Cox v. Clarus Marketing Grp., LLC*, (SD CA 2013) 291 F.R.D. 473, 483 (approving proposed incentive payment of $5,000 to each of three named plaintiffs where settlement was valued at $2.65 million); *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 463 (E.D. Cal. 2013) (reducing proposed incentive payments of $7,500, representing 1.8% of the total settlement amount, to $2,500 where the class members would receive an average of $65.79).  Plaintiffs may attempt to substantiate a $10,000 Named Plaintiff Service Award in their motion for final approval.

## X.    Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' unopposed Preliminary Approval Motion.

/ / /

/ / /

### PROPOSED SETTLEMENT NOTICE

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3) the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Because the Court has provisionally certified the class under Rule 23(b)(3), *see supra* pages 5–11, the mandatory notice procedures required by Rule 23(c)(2)(B) must be followed.

Where there is a class settlement, Federal Rule of Procedure 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (quoting *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)); *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

According to the Proposed Settlement Agreement, within ten business days of the Court filing this Order, Defendant will provide the Settlement Administrator with each Class Member's name, last known address, last telephone number, Social Security number, and dates of employment, as well as "all other information necessary for the Settlement Administrator to Calculate the number of Qualifying Workweeks worked by each Class Member during the Class Period and to determine which Class Member is also a member of the Waiting Time Penalty Subclass" (the "Employee List"). Proposed Settlement Agreement at ¶ 6.1. Within fourteen calendar days of receiving the Employee List, the Settlement Administrator "shall perform a National Change of Address (NCOA) search and . . . an in-depth skip trace in order to obtain the best possible address for Class Members" and then mail the Proposed Notice through first class mail. *Id.* ¶ 6.3–6.4.

/ / /

The twelve-page Proposed Notice: (1) describes the nature of the lawsuit and claims at issue, (2) defines the Settlement Class and Waiting Time Penalties Subclass, (3) explains the Maximum Settlement Amount and how individual Class Member's settlement payments will be calculated, (4) discloses the Class Counsel's fees and Class Representative Service Awards that will be requested, (5) details the claims that are being released, (6) explains how participating Class Members can opt in to the FLSA Settlement Share, (7) explains how a member of the Settlement Class or Waiting Time Penalties Subclass can object to the Proposed Settlement, (8) discloses the time and place of the Final Approval Hearing, and (9) displays the contact information for Class Counsel and the Settlement Administrator and advises that either may be contacted to answer questions about the Proposed Settlement. *See generally* Proposed Notice. Having thoroughly reviewed the Proposed Notice, the Court finds that both the method and content of the Proposed Notice comply with Rule 23. Accordingly, the Court **APPROVES** both the content of the Proposed Notice and the proposed notification plan.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion (ECF No.40) and **ORDERS**:

**1. PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT:** The Court **PRELIMINARILY APPROVES** the Settlement Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

**2. PRELIMINARY CLASS CERTIFICATION:** Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), this action is **PRELIMINARILY CERTIFIED**, for settlement purposes only, as to the following Settlement Class and Subclass:

    **a. Non-Exempt Class:** "[A]ll current and former non-exempt janitorial employees who worked for Defendant in California at any time from August 13, 2014 through the date of Preliminary Approval of the Settlement."

/ / /

/ / /

**b.      Waiting Time Penalties Subclass:** "[A]ll members of the Non-Exempt Class who separated from their employment with Defendant at any time from August 13, 2015 through the date of Preliminary Approval of the Settlement."

**3.      CLASS      COUNSEL,      CLASS      REPRESENTATIVES,      AND SETTLEMENT ADMINISTRATOR:** Pursuant to Federal Rule of Civil Procedure 23, the Court **PRELIMINARILY CERTIFIES**, for settlement purposes only, Plaintiffs Marta L. Ceron De Orozco and Emma Barcenas as Class Representatives and Graham S.P. Hollis, Vilmarie Cordero, and David Lin of GrahamHollis APC as Class Counsel. Additionally, the Court **APPROVES AND APPOINTS** Rust Consulting as the Settlement Administrator.

**4.      NOTICE AND FLSA OPT IN:** The Court **PRELIMINARILY APPROVES** the form and substance of both (a) the Proposed Notice set forth in Exhibit A to the Settlement Agreement, *see generally* Proposed Notice; and (b) the FLSA Collective Action Member Consent To Join Form as set forth in Exhibit B to the Settlement Agreement.  *See generally* FLSA Opt In.  The form and method for notifying the Class Members of the Settlement Agreement and its terms and conditions satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e).  The Court further concludes that the Notice Procedure constitutes the best notice practicable under the circumstances.  As provided in the Settlement Agreement, the Settlement Administrator **SHALL PROVIDE** notice to the Class Members and respond to Class Member inquiries. Within ten (10) business days of the date of this Preliminary Approval Order, Defendant **SHALL PROVIDE** the Settlement Administrator with the Employee List.   Within fourteen (14) calendar days of receiving the Employee List, the Settlement Administrator **SHALL DISSEMINATE** the Notice and FLSA Opt In in the form and manner provided in the Proposed Settlement Agreement.

**5.      REQUESTS FOR EXCLUSION AND FLSA OPT-IN DEADLINE:** Requests for Exclusion from the Settlement and FLSA Opt In Forms must be submitted to the Settlement Administrator postmarked or faxed no later than sixty (60) calendar days

after the initial mailing of the Notice and FLSA Opt In to the Class Members. Class Members who do not submit a timely and valid Request for Exclusion from the Settlement on or before the response deadline shall be Participating Class Members bound by all terms of the Settlement and any Final Approval Order entered in this Action.

6.   **OBJECTIONS:** Objections to the Settlement must be mailed to the Court and Settlement Administrator as instructed in the Notice, postmarked no later than <u>sixty (60) calendar days</u> after the initial mailing of the Notice and FLSA Opt In to the Class Members.  To be valid, the Notice of Objection: (a) must contain the full name, address and last four digits of the social security number of the Class Member; and (b) must be signed by the Class Member.  The Notice of Objection should also state the basis for the objection and whether the Class Member intends to appear at the Final Approval Hearing.

7.   **FINAL APPROVAL HEARING:** The Court **SETS** a Final Approval Hearing on <u>Thursday, December 17, 2020 at 1:30 p.m. in Courtroom 4D of the Edward J. Schwartz United States Courthouse, 221 W. Broadway, San Diego, CA 92101</u>, to consider:

a.   the fairness, reasonableness, and adequacy of the Settlement Agreement;

b.   Plaintiffs' request for an award of attorneys' fees and costs;

c.   the Class Representative Service Awards;

d.   dismissal with prejudice of this action with respect to Defendant; and

e.   the entry of Final Judgment in this action.

At the Final Approval Hearing, the Parties also shall be prepared to update the Court as to any new developments, including any untimely submitted opt-ins, requests for exclusion, and/or objections and any other issues as the Court deems appropriate.  The date and time of the Final Approval Hearing **SHALL BE INCLUDED** in the Notice to be mailed to all Class Members

8.   **MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT:** No later than <u>sixteen (16) Court days</u> before the Final Approval Hearing, the Parties **SHALL FILE** a Motion for Final Approval of Class and Collective Action Settlement.  The Motion **SHALL INCLUDE AND ADDRESS** any

18-CV-2397 JLS (JLB)

objections or responses received as of the filing date.  In addition to the class certification and settlement fairness factors, the Motion **SHALL ADDRESS** the number of putative Class Members who have opted out and the corresponding claim value.  The Motion also **SHALL ADDRESS** the number of putative Subclass Members who have opted into the FLSA collective and the corresponding claim value.

9.     **APPLICATION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS:** No later than <u>sixteen (16) Court days</u> before the Final Approval Hearing, Class Counsel **SHALL FILE** an application for attorneys' fees, costs, and Class Representative Service Awards. Class Counsel **SHALL PROVIDE** documentation detailing the number of hours incurred by attorneys in litigating this action, supported by detailed time records, as well as hourly compensation to which those attorneys are reasonably entitled. Class Counsel **SHALL ADDRESS** the appropriateness of any upward or downward departure in the lodestar calculation, as well as reasons why a percentage-of-the-fund approach to awarding attorney fees may be preferable and the appropriateness of any upward or downward departure from the 25% benchmark. Class Counsel **SHALL BE PREPARED** to address any questions the Court may have regarding the application for fees at the Final Approval Hearing.

10.     **MISCELLANEOUS PROVISIONS:** In the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement is not finally approved or is terminated, cancelled, or fails to become effective for any reason, this Order **SHALL BE** rendered null and void and **SHALL BE** vacated, and the Parties **SHALL REVERT** to their respective positions as of the commencement of the litigation.

/ / /

/ / /

/ / /

/ / /

/ / /

**11.    SCHEDULE:** The Court orders the following schedule for further proceedings:

| EVENT | DEADLINE |
|---|---|
| Defendant to provide Settlement Administrator with Employee List | 10 business days after entry of this Order |
| Settlement Administrator to mail Notice to Class Members | 14 calendar days after receiving the Class Data |
| Objections/Exclusion Deadline | 60 calendar days after mailing of Notice |
| FLSA Opt In Deadline | 60 calendar days after mailing of the Notice |
| Settlement Administrator to provide the Parties notice of the valid Request of Exclusion letters and Objections received | 7 calendar days after the Objection/Exclusion Deadline |
| Deadline for Defendant to exercise its option to cancel the Settlement if 5% or more of the Class Members submit a timely and valid Request for Exclusion | 10 business days after Settlement Administrator notifies the Parties of the number of valid and timely requests for exclusion |
| Deadline for Settlement Administrator to provide declaration of due diligence | 25 calendar days prior to Final Approval Hearing |
| Deadline for Class Counsel to file Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement and Award of Attorney's Fees and Costs and Class Representative Service Award | No later than 16 Court days prior to the Final Approval Hearing Date |

18-CV-2397 JLS (JLB)

| Final Approval Hearing | December 17, 2020 at 1:30 p.m. |
|---|---|

**IT IS SO ORDERED.**

Dated:  July 22, 2020

*Janis L. Sammartino*

Hon. Janis L. Sammartino
United States District Judge

18-CV-2397 JLS (JLB)